**Norfolk**

UNINSURED EMPLOYER'S FUND

v.

WILLIAM E. KEPPEL

No. 0105-85

Argued June 19, 1985

Decided November 6, 1985

COUNSEL

Julia D. Tye, Assistant Attorney General (Gerald L. Baliles, Attorney General; Walter McFarlane, Deputy Attorney General, on briefs) for appellant.

No appearance for appellee.

OPINION

**COLEMAN, J.**—The sole issue presented in this appeal is whether the Industrial Commission erred in holding that a worker's compensation claim was not barred by reason of the employee's willful misconduct. We affirm the Commission's award.

William E. Keppel (claimant) was an employee of Donald L.B. Crosson, a roofing and siding contractor. In early May, 1984, Crosson contracted to re-roof a house with new felt and shingles. The claimant and other employees replaced most of the felt, but a particularly steep area of the roof remained without felt. Replacement of shingles had not begun. Before leaving town for several days, Crosson instructed his employees to felt the remaining portion of the house, including the steep area. The evidence is in conflict, however, as to whether Crosson instructed the employees not to begin putting down shingles until he returned on the following Monday. Nevertheless, the claimant, after helping felt the remaining portion of the roof, began putting down shingles on May 8, 1984, prior to Crosson's return. While distributing shingles across the roof, Keppel stepped on a toe board which gave way, causing him to fall to the ground and be injured.

The Commission found the injury to have been caused by the toe board not being nailed to the roof joist as proper procedure would require. The dispositive issues are whether the claimant disobeyed the verbal instruction not to shingle the roof until Crosson's return and whether the disobedience constituted willful misconduct.

The Commission found, as a fact, that Crosson did not instruct the employees not to shingle the roof until his return—a finding diametrically opposite to the finding of the deputy commissioner. Without deciding which fact finder's account should prevail, we will assume that Crosson did instruct his employees, including claimant, not to shingle the roof until his return. Thus, the issue before us is whether the claimant is entitled to compensation for injuries sustained while performing a required duty of his employment at a time other than that designated by his employer. We hold that under the circumstances of this case, the instructions to delay the installation of shingles for several days was of no consequence.

The employees had been instructed to felt the steepest portion of the roof and did so with no supervision and in Crosson's absence. The employees frequently worked without Crosson's supervision and were doing so on this job. They were to install the shingles in several days. In view of these circumstances, the claimant's precipitant performance of his work several days ahead of schedule could hardly be considered willful misconduct.

Willful misconduct requires something more than negligence. " 'Willful'. . .imports something more than a mere exercise of the will in doing the act. It imports a wrongful intention." *King* v. *Empire Collieries Co.*, 148 Va. 585, 590, 139 S.E. 478, 479 (1927). One of the salutary purposes of worker's compensation acts is to provide specified benefits for injuries arising out of and in the course of employment regardless of fault of the employer or employee, except instances of willful misconduct or intentional injury. The common law defense of contributory negligence is abolished by the Act. *Norfolk & Washington Steamboat Co.* v. *Holladay*, 174 Va. 152, 160, 5 S.E.2d 486, 489 (1939); *Tyree* v. *Commonwealth*, 164 Va. 218, 223, 179 S.E. 297, 298 (1935). The claimant's presence on the roof at a time or place that toe boards had been improperly installed or his failure to inspect them is, at most, no more than negligence. The claimant did

not intentionally or willfully commit an act with knowledge of a known hazard. Negligence, regardless how gross, does not bar a recovery for workers' compensation benefits.

■ Disregard of an express order, especially one made for the safety of the employees, usually constitutes willful misconduct. *Riverside & Dan River Cotton Mills, Inc.* v. *Thaxton,* 161 Va. 863, 871-72, 172 S.E. 261, 264 (1934). However, the instruction to delay the shingles was not for safety purposes. Crosson's assertion that he did not want the employees on the steep roof in his absence suggests a concern for safety. But, his direction to the employees to go on the most dangerous portion of the roof to install felt in his absence belies this suggestion. This inconsistency also reduces the likelihood that the claimant would think the instruction to have been related to safety.

The claimant was not performing a prohibited act. At most, he was doing a required aspect of his employment at the place of employment during normal working hours but allegedly at an unauthorized time. *See* 1A Larson, Workmen's Compensation Law *Misconduct of Employee* §§ 30-33.40 (1985). There was no apparent greater risk of peril due to the time of performance on one day than another which would have made clear to the claimant a need or reason to heed the alleged instruction.

■ "The questions of whether or not a claimant has been guilty of willful misconduct and whether such misconduct was a proximate cause of the employee's accident are issues of fact." *Mills* v. *Virginia Electric & Power Co.,* 197 Va. 547, 551, 90 S.E.2d 124, 127 (1955). But, if there is no credible evidence to support a finding of fact, the issue becomes sufficiency of the evidence as a matter of law for us to decide. Code § 65.1-98; *Goodyear Tire & Rubber Co.* v. *Watson,* 219 Va. 830, 833, 252 S.E.2d 310, 312 (1979).

We find no evidence sufficient to support a finding of willful misconduct and, for that reason, affirm the award of the Commission.

*Affirmed.*

Barrow, J., and Benton, J., concurred.