## Alexandria

### THE SOUTHLAND CORPORATION
### and
### AMERICAN PROTECTION INSURANCE COMPANY
### v.
### LETA K. GRAY

No. 0974-93-4

Decided May 17, 1994

COUNSEL

Steven M. Gombos (Robert J. Lowe, Jr.; Lowe & Associates, P.C., on brief), for appellants.

Richard E. Cassell, for appellee.

OPINION

**BAKER, J.**—The Southland Corporation and American Protection Insurance Company, jointly referred to herein as employer, appeal from a decision of the Workers' Compensation Commission (commission) that awarded Leta K. Gray (claimant) temporary total disability benefits pursuant to the commission's finding that claimant's disability arose out of and in the course of her employment. The commission also found that claimant did not violate employer's safety rules and ordered employer to pay the cost of claimant's medical expenses caused by her disability. For the reasons that follow, we affirm.

On appellate review, we construe the evidence in the light most favorable to claimant, as the party prevailing below. *R.G. Moore Bldg. Corp. v. Mullins*, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

Employer owned and operated eight 7-Eleven convenience stores that were under the supervision of Ike Carroll. As of December 5, 1991, claimant had managed one of these stores for one-and-a-half years. Employer established a written policy that all store receipts must be taken to the bank and deposited "before 3:00 p.m. and never later than 5:00 p.m.," unless approved by the supervisor. One of the reasons for this policy was for the deposits to be made before dark and "for the security of our [7-Eleven] people." If permission for a deposit after 3:00 p.m. was requested and granted, the supervisor would instruct the person who called to be "extra careful."

On Thursday, December 5, 1991, claimant had experienced an unusually busy day. She was short of experienced help; vendors were making more merchandise deliveries than on a normal day; the State Health Department made its regular inspection; sales were up; and Ike Carroll, claimant's supervisor, visited the store to hold business discussions with claimant. Prior to 3:00 p.m., claimant did not have time to complete her assigned duty of preparing the deposit and did not proceed to the bank until approximately 5:45 p.m. At that time, intending to make the bank deposit, claimant placed that day's receipts in a bank bag; concealed the

bank bag inside a customer-type, brown bag; placed the bags against her chest behind a Life magazine and, with her purse on her shoulder, walked out of the customer entrance toward her car that was in the store's parking lot. When claimant left the store to make the bank deposit, she was not wearing any clothing that identified her as a 7-Eleven employee. As claimant was about to enter her car, a man approached her, grabbed her arm, turned her toward him, knocked her purse away, seized the brown paper bag and its contents, and ran away. Claimant had offered her purse to the robber but he declined the offer, saying "[t]hat's not what I want." Although claimant also had her car keys in her hand, the robber made no attempt to steal the car.

Following the robbery and at her supervisor's suggestion, claimant remained away from her job over the weekend. On Monday, she called the appropriate person at her employment, explained her apprehension and was told to seek medical help. Thereafter, claimant was advised by the Woodburn Health Center to seek counseling. On Thursday, claimant saw Juliana Geren, a clinical social worker, and, thereafter, made plans to see Dr. Joseph A. Annibali, a psychiatrist, and returned to work for a scheduled meeting with her supervisors. At that meeting, claimant was informed of her demotion to assistant manager, at one-half the salary she had earned as manager. Thereafter, claimant did not return to work for employer.

In reliance upon *Hill City Trucking, Inc. v. Christian*, 238 Va. 735, 385 S.E.2d 377 (1989), employer first contends that the evidence fails to show that claimant sustained an injury that arose out of her employment because the robbery was a risk to which she would have been equally exposed, apart from her employment. We disagree. Here, it is clear from employer's evidence that employer believed the risk to be so unusual that it prohibited bank deposits from being made after 3:00 p.m. Employer's evidence discloses that the reason for that rule was "for the security of our [7-Eleven] people." Thus, it is clear that employer considered its bank deposits to entail risks not equally exposed to others, apart from their employment. Moreover, the record further discloses that the robber had no interest in claimant's personal property and, instead, was only interested in employer's bank deposit. We hold that the risk of harm to claimant was increased by her employment because she was assigned the duty of making bank

deposits. This finding provides the basis for the award made by the commission. *See* 1 Arthur Larson, *The Law of Workmen's Compensation* § 11.11 (1991).

Employer further argues that the evidence fails to support the commission's finding that claimant's disability was a result of the robbery. In the alternative, employer argues that, even if it does, the medical evidence discloses that there are joint reasons stated, showing that claimant failed to meet her burden of proof. We disagree. The evidence supports the commission's finding that a causal connection was shown. Although Dr. Annibali, the treating psychiatrist, in earlier letters attributed claimant's condition to two causes, in letters dated February 21, 1992 and June 9, 1992, respectively, he limited his opinion, as to the cause of claimant's disability, to be the result of being robbed. That evidence supports the commission's finding.

■ Where credible evidence in the record supports the commission's finding, we are bound by that finding. *James v. Capitol Steel Constr. Co.*, 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989). Here, we cannot say that claimant's claim is without merit, nor can we say that the decision of the commission was plainly wrong or without evidence to support the award.

Accordingly, we affirm the decision of the commission.

*Affirmed.*

Barrow, J., and Fitzpatrick, J., concurred.