COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Elder and Fitzpatrick

DYNATRAN
AND
PACIFIC EMPLOYERS INSURANCE COMPANY

v.   Record No. 2541-94-2                    MEMORANDUM OPINION[*]
                                                  PER CURIAM
ROSE MARIE COOKE                              JUNE 13, 1995

                                        FROM THE VIRGINIA
WORKERS' COMPENSATION COMMISSION

              (Lisa Frisina Clement, on brief), for appellants.

              (Geoffrey R. McDonald; Laura Large Geller; McDonald &
              Snesil, on brief), for appellee.


       Dynatran and its insurer (hereinafter collectively referred
to as "employer") contend that the Workers' Compensation
Commission erred in finding that it failed to prove that Rose
Marie Cooke's claim was barred due to her willful misconduct.
Specifically, the employer contends that the commission erred in
finding that it failed to prove that Cooke's failure to wear a
back belt was the proximate cause of her back injury.  Upon
reviewing the record and the briefs of the parties, we conclude
that this appeal is without merit.  Accordingly, we summarily
affirm the commission's decision.  Rule 5A:27.

       On December 7, 1993, Cooke was working as a laborer for the
employer.  She testified that, on that date, she lifted a heavy
vise, weighing between fifty and seventy-five pounds, and carried

       [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

it down stairs. She felt pain in her back as she reached the last part of the stairs. She admitted that, at the time of her injury, she was not wearing a back belt that had been previously provided to her by the employer. She also admitted that she knew it was the employer's policy that all employees were required to wear the back belt whenever they performed heavy lifting.

On appeal, we view the evidence in the light most favorable to the prevailing party below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "Factual findings of the commission are binding on appeal." Spruill v. C.W. Wright Constr. Co., 8 Va. App. 330, 332, 381 S.E.2d 359, 360 (1989). "'The questions of whether or not a claimant has been guilty of willful misconduct and whether such misconduct was a proximate cause of the employee's accident are issues of fact.'" Uninsured Employer's Fund v. Keppel, 1 Va. App. 162, 165, 335 S.E.2d 851, 852 (1985).

The dispute in this case is whether Cooke's failure to wear the back belt was the proximate cause of her injury. Cooke's treating physicians, Drs. Bruce Miller and William White, did not render any opinion on this point.

Dr. Charles Bonner, who evaluated Cooke on June 3, 1994 at her request, related that Cooke's injury did not occur while lifting, but rather it occurred when she twisted her body while carrying a heavy object. Thus, Dr. Bonner opined that the back belt would have had no effect on Cooke's injury because it was

2

not designed to control the type of movement that caused Cooke's injury. Dr. Jerome Smith reported that the injury could have occurred even with the use of the back belt.

The opinions of Dr. Mayo Friedlis and Dr. Laura Staton were submitted to the commission by the employer. Dr. Friedlis opined that the use of the back belt by Cooke "could have prevented [her] back injury" and "would likely have prevented her injury." Dr. Staton opined that "[t]he use of the [back] belt could have prevented this injury."

In light of this conflicting medical evidence, we cannot say as matter of law that the commission erred in finding that the employer did not meet its burden to establish that Cooke's failure to wear the back belt was the proximate cause of her injury. "Questions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).

Since our rulings on the issues raised by the employer dispose of this appeal, we will not address Cooke's second question presented.

For the reasons stated, we affirm the commission's decision.

Affirmed.