COURT OF APPEALS OF VIRGINIA

Present: Judges Koontz, Bray and Annunziata

GARY W. RITENOUR

v. Record No. 0406-95-3          MEMORANDUM OPINION[*]
                                        PER CURIAM
MERIT JANITORIAL SERVICES               JULY 18, 1995
AND
SELECTIVE INSURANCE COMPANY OF AMERICA

          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (George L. Townsend; Chandler, Franklin & O'Bryan, on
                brief), for appellant.

                (P. Dawn Bishop; Jennifer G. Marwitz; Sands, Anderson,
                Marks & Miller, on brief), for appellees.


        Gary W. Ritenour contends that the Worker's Compensation

Commission erred in finding that Merit Janitorial Services

("employer") and its insurer proved that his willful misconduct

proximately caused his May 18, 1994 burn injuries.  Upon

reviewing the record and the briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  Rule 5A:27.

        On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

Factual findings made by the commission will be upheld on appeal

if supported by credible evidence.  James v. Capitol Steel

Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

_____
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

On May 18, 1994, the claimant was severely burned when a flash fire occurred while he was using acetone and a buffing machine to remove the wax build-up from a bathroom floor. Stephen Himmelright, the claimant's employer, testified that he had warned the claimant two weeks earlier about the dangers associated with the use of acetone and had instructed the claimant not to use a buffing machine with the acetone. The claimant had worked with acetone a week before the accident, using a manual scraper instead of a buffing machine to remove the floor's residue. Himmelright also instructed the claimant on the evening of the accident not to use a buffing machine with acetone, no matter how long the job took to complete. The claimant testified that Himmelright told him to use the acetone with the buffing machine or find other employment.

Code § 65.2-306(1) bars compensation for an injury or death caused by the employee's willful misconduct or self-inflicted injury. "Willful misconduct requires something more than negligence. '[It] . . . imports something more than a mere exercise of the will in doing the act. It imports a wrongful intention.'" Uninsured Employer's Fund v. Keppel, 1 Va. App. 162, 164, 335 S.E.2d 851, 852 (1985) (citation omitted).

In denying the claimant's application, the commission found that the employer's testimony was more credible than the claimant's testimony. The determination of a witness' credibility is within the exclusive purview of the fact finder.

2

<u>Goodyear Tire & Rubber Co. v. Pierce</u>, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987). The commission found that the employer's testimony was more consistent with the other facts proven. Based upon this record, the commission's credibility determination will not be disturbed on appeal.

The testimony of the employer and the Fire Chief provides sufficient credible evidence to support the commission's finding that the claimant's injury proximately resulted from his willful misconduct. The employer testified that the claimant was instructed on several occasions, including the evening of the accident, that he was not to use a buffing machine with acetone because of the dangerous nature of the inherently volatile solvent. The claimant's willful disregard of these instructions proximately caused his subsequent injuries. The Fire Chief testified that the flash fire was caused by the use of acetone, a flammable liquid, with the buffing machine.

The claimant's contention that the commission erred by not applying the test set forth in <u>Spruill v. C.W. Wright Constr. Co.</u>, 8 Va. App. 330, 381 S.E.2d 359 (1989), is without merit. The employer's defense arose under Code § 65.2-306(1), not Code § 65.2-306(5).[1] Moreover, the commission could have reasonably inferred from the evidence that the claimant knew that using

_____

[1] Code § 65.2-306(5) bars compensation where an employee willfully breaches any reasonable rule or regulation adopted by the employer and brought to the employee's knowledge before the accident.

3

acetone with a buffing machine was dangerous.  The claimant, who had ten years of experience cleaning floors, admitted that he knew not to smoke while using acetone because it was flammable. In addition, the employer told the claimant not to use acetone with the buffing machine because it was dangerous.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>
