COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


MARVIN V. TEMPLETON & SONS, INC.
AND
ROYAL INDEMNITY COMPANY

MEMORANDUM OPINION[*]
v.    Record No. 1177-95-3                    PER CURIAM
                                          DECEMBER 29, 1995
DARNELL O. DIXON


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (John M. Oakey, Jr.; Jill M. Misage; McGuire, Woods,
            Battle & Boothe, on brief), for appellants.

            (George L. Townsend; Chandler, Franklin & O'Bryan, on
            brief), for appellee.


        Marvin V. Templeton & Sons, Inc. and its insurer

(hereinafter collectively referred to as "employer") contend that

the Workers' Compensation Commission erred in holding that

Darnell O. Dixon's willful violation of a safety rule did not bar

him from receiving an award of compensation for injuries.  Upon

reviewing the record and the briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  Rule 5A:27.

        "To prevail on the defense of willful violation of a safety

rule, employer must prove that: (1) the safety rule was

reasonable; (2) the rule was known to the employee; (3) the rule

was promulgated for the benefit of the employee; and (4) the

employee intentionally undertook the forbidden act."  Brockway v.

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

<u>Easter</u>, 20 Va. App. 268, 271, 456 S.E.2d 159, 161 (1995).

Whether the rule is reasonable and applies to the situation from which the injury results, and whether the claimant knowingly violated it, is a mixed question of law and fact to be decided by the commission and reviewable by this Court. But the question of whether an employee is guilty of willful misconduct and whether such misconduct is a proximate cause of the employee's accident are issues of fact.

<u>Id.</u> at 271-72, 456 S.E.2d at 161. In finding that employer did not establish a willful violation of a safety rule, the commission found as follows:

> The employer had a written safety rule, promulgated to the employees on February 15, 1993, requiring written permission from qualified persons prior to entering a confined space. The weigh hopper was not listed as a confined space, but the claimant testified that he considered it to be one. We find that [sic] the rule reasonable and that he had knowledge of that rule. However, the evidence clearly shows that the Confined Space Policy was not enforced by the employer prior to the claimant's injury. Testimony was presented from employees and supervisors indicating that each group entered confined spaces without a written permit and that no reprimands were issued as a result of those unauthorized entries. It appears that each group considered oral communication to be an adequate substitute. Because of this lack of enforcement, we find that the employer has not proven by a preponderance of the evidence that the claimant violated the Confined Space Policy.

These factual findings are supported by the testimony of claimant, Foster, Cardwell, Landrum, Jordan, and Allen. All of

2

these supervisors and employees testified that they or others had entered confined spaces, prior to claimant's accident, without obtaining a written permit and with employer's knowledge, and that they had never been reprimanded for such conduct. Accordingly, these findings are binding on appeal and provide proof of employer's pattern or practice of failing to discipline employees guilty of willful violations of a safety rule. Such proof defeats employer's defense. See Vepco v. Kremposky, 227 Va. 265, 315 S.E.2d 231 (1984).

Moreover, employer's argument that claimant violated an unwritten safety rule requiring oral permission from a supervisor before entering a confined space is without merit. Claimant admitted that such a rule existed. However, employer did not dispute that claimant informed Landrum, acting plant superintendent, that he had to repair a malfunction in the weigh hopper by unhanging the gate. Claimant testified that the gate could not have been fixed from outside the weigh hopper. He also stated that, based upon the repair to be performed, he believed Landrum knew he was going into the weigh hopper to do the work. Claimant confirmed that he had been in a weigh hopper, on prior occasions, with the knowledge of Landrum and Jordan. Based upon claimant's testimony, the commission found that "claimant subjectively felt that this communication was sufficient to inform Landrum, who was on his 'first day as superintendent,' that he would be working inside the hopper." "Where reasonable

3

inferences may be drawn from the evidence in support of the commission's factual findings, they will not be disturbed by this Court on appeal." Hawks v. Henrico County Sch. Bd., 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988). Accordingly, we cannot say as a matter of law that the commission erred in finding that employer's evidence failed to prove any wrongful intent on claimant's part. Because of this finding, employer's defense of willful violation of a safety rule cannot prevail. Virginia law requires an employer to prove more than negligence or the exercise of the will in doing an act; employer must prove a wrongful intention. Uninsured Employer's Fund v. Keppel, 1 Va. App. 162, 164, 335 S.E.2d 851, 852 (1985).

For the reasons stated, we affirm the commission's decision. Because our rulings on the issues raised by employer dispose of this appeal, we will not address the notice issue or proximate cause issue raised by claimant in his brief.

Affirmed.

4