COURT OF APPEALS OF VIRGINIA

Present:  Judges Coleman, Willis and Overton
Argued at Alexandria, Virginia


UNINSURED EMPLOYERS' FUND

v.          Record No. 2355-95-4          MEMORANDUM OPINION[*] BY
                                        JUDGE JERE M. H. WILLIS, JR.
CURTIS MASON                                 APRIL 9, 1996

          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          Gaye Lynn Taxey, Assistant Attorney General
          (James S. Gilmore, III, Attorney General;
          John J. Beall, Jr., Senior Assistant Attorney
          General, on briefs), for appellant.

          Diane C. H. McNamara for appellee.



     The Uninsured Employers' Fund (employer) appeals the

decision of the Virginia Workers' Compensation Commission

awarding Curtis Mason benefits for temporary total disability.

Employer contends that the commission erred in finding that it

did not prove the affirmative defense of willful misconduct.  We

find no error and affirm the commission's decision.

     Mason was employed as a steam roller operator by employer.

On April 7, 1994, Mason jumped off of his roller, angered and

ready to fight with his employer because of criticisms directed

toward his job performance.  While Mason stood behind the roller,

confronting his employer, the roller began moving and rolled over

his leg.  The employer jumped on the roller, put it in forward

gear, and moved it off of Mason.  Mason suffered a fractured left

_____
          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

tibia.

Mason testified that he knew the operating procedures for dismounting from the roller. The "operator [was] to put the throttle in idle, shift it into neutral gear, and engage the parking brake." The employer testified that the safety rules his employees were to follow provided: "Never stand in front or back of roller when roller is started . . . . Always apply parking brakeand [sic] remove key before stepping off roller." The employer also testified to several other permissible methods employees could use in shutting off the engine. Because Mason could not read, the employer reminded him of the rules before each job. Based on the evidence, the commission found that Mason left the throttle open, the parking brake disengaged, and the gear shift in neutral.

The employer asserted that Mason willfully violated a safety rule. To prevail upon a defense of willful misconduct, the employer must establish a reasonable safety rule, known to the employee, for the employee's benefit, and that the employee intentionally undertook the forbidden act. See Spruill v. C. W. Wright Constr. Co., 8 Va. App. 330, 334, 381 S.E.2d, 359, 360-61 (1989). The employer must also show that the safety rule was enforced. See VEPCO v. Kremposky, 227 Va. 265, 315 S.E.2d 231 (1984). The employer contends that the commission erred as a matter of law in finding that he did not specifically enforce the safety rule.

Factual findings of the commission are binding on appeal. Code § 65.2-706. "The question of whether an employee was guilty of willful misconduct is a question of fact." Spruill, 8 Va. App. at 333, 381 S.E.2d at 360 (citing Uninsured Employer's Fund v. Keppel, 1 Va. App. 162, 165, 335 S.E.2d 851, 852 (1985)). "But, if there is no credible evidence to support a finding of fact, the issue becomes sufficiency of the evidence as a matter of law for us to decide." Keppel, 1 Va. App. at 165, 335 S.E.2d at 852.

The commission found the employer's own evidence established that the rules were not enforced and that deviations were tolerated. Although the employer testified that he had not enforced the rule because it had not been violated, the commission found that the evidence established that the procedures for operating the equipment were not true rules, but rather were only standard operational procedures. The record supports this finding. The failure to observe such operating procedures, even though reasonable and intended to protect and benefit the employee, is only negligence, and even the gross negligence of an employee does not insulate an employer from liability for a work injury. Moreover, Mason's actions were not intentional and willful, but were of a spontaneous, negligent nature. "Negligence, regardless of how gross, will not bar recovery of workers' compensation benefits." Spruill, 8 Va. App. at 334, 381 S.E.2d at 361 (citing King v. Empire Collieries Co.,

- 3 -

148 Va. 585, 590, 139 S.E. 478, 479 (1927)).

The award of the commission is affirmed.

<u>Affirmed.</u>