COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


WALKER MACHINE & FOUNDRY CORP.
AND
TRAVELERS INSURANCE COMPANY                    MEMORANDUM OPINION*
                                                   PER CURIAM
v.   Record No. 2539-95-3                        MAY 14, 1996

ANN C. McALPIN


                                        FROM THE VIRGINIA WORKERS'
COMPENSATION COMMISSION

          (Douglas D. Wilson; Barbara J. Taylor;
          Parvin, Wilson & Barnett, on briefs), for
          appellants.

          (Richard M. Thomas; Rider, Thomas,
          Cleaveland, Ferris & Eakin, on brief), for
          appellee.


     Walker Machine & Foundry Corp. and its insurer (hereinafter

collectively referred to as "employer") contend that the Workers'

Compensation Commission erred in finding that employer failed to

prove that the claim for compensation benefits filed by David F.

McAlpin's widow was not barred by McAlpin's willful misconduct.

Upon reviewing the record and the briefs of the parties, we

conclude that this appeal is without merit.  Accordingly, we

summarily affirm the commission's decision.  Rule 5A:27.[1]

     McAlpin was killed in the course of his employment on

---

          *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

          [1]Because we summarily affirm the commission's decision
pursuant to Rule 5A:27, we need not address employer's Motion to
Deny Appellee Oral Argument.

October 12, 1993, when an annealing oven exploded. None of McAlpin's co-workers witnessed the accident. The dispute in this case is whether McAlpin attempted to light the annealing oven without opening its doors, in violation of employer's safety rule, and whether this alleged conduct caused the explosion and McAlpin's death.

Employer's vice president of operations testified that McAlpin had run the annealing oven since 1984. McAlpin had prepared the operating manual for the annealing oven and had taught his supervisor, the foundry manager, how to operate the annealing oven, instructing him to keep the doors open when lighting the oven.

Roger Owens, a registered professional engineer, testified on behalf of McAlpin's widow. Owens inspected the remains of the annealing oven, the associated valve and control systems, blueprints, and temperature recording charts. Based upon his investigation, Owens opined that McAlpin's conduct had "absolutely" nothing to do with the cause of the explosion. Owens stated that, based upon the temperature records for October 12, 1993, the oven's temperature was 100 degrees fahrenheit at approximately 2:45 p.m. Over a six to eight minute period, the temperature increased sharply to 820 degrees fahrenheit, followed by a "flame-out," an unexpected event. Over the next one and one-quarter hours, a "cool-down" to 200 degrees fahrenheit occurred. Owens opined that after this "cool-down," a safe re-

ignition occurred, and the temperature climbed to 920 degrees fahrenheit in six to eight minutes. Owens opined that another "flame-out" occurred at the 920 degrees temperature, after which gas continued to enter the annealing oven. When the oven's temperature exceeded the gas' explosive ignition temperature and the concentration of gas reached the explosive range, the explosion occurred. Owens concluded that McAlpin probably realized that a "flame-out" had occurred due to background noise, and that the explosion occurred as he went to shut off the gas. Owens stated that it made no difference whether the annealing oven doors were open or closed, because a safe re-ignition had already occurred. He also concluded that, if McAlpin had tried to restart the oven with gas in it, the oven would have exploded immediately and McAlpin would not have had time to get to the control panel in front of the oven, where he was found after the explosion.

Daniel Smith, a mechanical engineer, testified on behalf of the employer. Smith did not inspect the temperature recorder.

In his July 7, 1994 report, Smith concluded that
> [n]atural gas was present in the annealing oven when the explosion occurred, otherwise there would have been no explosion. It is most probable that [McAlpin] activated the reset control prior to opening the [oven's] doors. He apparently did not wait for the light confirming ignition before leaving the control panel. Both of these actions violated safety instructions. . . .

Smith opined that, if the doors had been open, no gas would have

3

accumulated and no explosion would have occurred. Smith conceded that the fire eye system could have failed, and that if such a failure occurred, a "flame-out" followed by ignition could occur. Smith admitted that if Owens was correct about the temperature and gas was present in the oven in a 2% concentration, an explosion could have occurred.

On appeal, we view the evidence in the light most favorable to the prevailing party below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "Factual findings of the commission are binding on appeal." Spruill v. C.W. Wright Constr. Co., 8 Va. App. 330, 332, 381 S.E.2d 359, 360 (1989). "'The questions of whether or not a claimant has been guilty of willful misconduct and whether such misconduct was a proximate cause of the employee's accident are issues of fact.'" Uninsured Employer's Fund v. Keppel, 1 Va. App. 162, 165, 335 S.E.2d 851, 852 (1985). Moreover, "[i]n determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

In its role as fact finder, the commission was entitled to accept Owens' opinions to be "more convincing than that of . . . Smith." In so finding, the commission relied, in part, upon the deputy commissioner's conclusion that Owens' demeanor was more

4

credible than Smith's demeanor. The commission also found that Owens' analysis was more detailed and his interpretation of the charts was more thorough and convincing than Smith's. Owens' opinions constitute credible evidence to support the commission's finding that employer failed to prove that McAlpin willfully violated a safety rule. "The existence of contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Id. at 894, 407 S.E.2d at 35.

For the reasons stated, we affirm the commission's decision.

Affirmed.