COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Moon, Judges Benton and Elder
Argued at Richmond, Virginia


KYU H. LEE, t/a JAY'S FOOD MARKET
                                    MEMORANDUM OPINION* BY
v.   Record No. 0721-96-2          JUDGE JAMES W. BENTON, JR.
                                          OCTOBER 29, 1996
LEA ANE BEAVER and
 UNINSURED EMPLOYER'S FUND


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION


            David L. Epperly, Jr. (Epperly, Follis &
            Schork, P.C., on brief), for appellant.

            Maurice H. Bell, Jr., for appellee Lea Ane
            Beaver.

            Christopher D. Eib, Assistant Attorney
            General (James S. Gilmore, III, Attorney
            General; Richard L. Walton, Jr., Senior
            Assistant Attorney General; John J. Beall,
            Jr., Senior Assistant Attorney General, on
            brief), for Uninsured Employer's Fund.


    Kyu H. Lee, trading as Jay's Food Market, appeals from an

award of workers' compensation benefits to his employee, Lea Ane

Beaver. Lee contends that no credible evidence supports the

commission's findings that he had three or more employees

regularly in service and that Beaver had not engaged in willful

misconduct in violation of a safety rule. Because the findings

are supported by credible evidence, we affirm the commission's

award.


---

        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

I.

Beaver suffered a severe injury to her hand on January 24, 1994, when she attempted to dislodge meat from the blade of a meat grinding machine. Beaver lost all or part of four fingers and suffered damage to her thumb. She filed a claim for temporary total disability benefits, temporary partial disability benefits, and related medical benefits.

Lee and the Uninsured Employer's Fund defended against Beaver's claim on the ground that the commission did not have jurisdiction over Lee because he did not have three or more employees regularly in service. They also argued that Beaver's injury resulted from her willful violation of a safety rule.

II.

The principle is well established that "[f]actual findings of the . . . Commission will be upheld on appeal if supported by credible evidence." James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989). "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Wagner Enter., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991). Thus, "[t]he fact that contrary evidence may be in the record is of no consequence if there is credible evidence to support the Commission's findings." Russell Loungewear v. Gray, 2 Va. App. 90, 95, 341 S.E.2d 824, 826 (1986).

The standard for our review of the evidence is equally well settled.  On appeal, "we review the evidence in the light most favorable to the prevailing party."  R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "Where reasonable inferences may be drawn from the evidence in support of the commission's factual findings, they will not be disturbed by this Court on appeal."  Hawks v. Henrico County Sch. Bd., 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988).

III.

The evidence proved that Jay's Food Market was open every day, for a total of eighty-eight hours per week.  Beaver testified that during her three years of employment, at least three individuals always worked with Lee at the store.  She specifically identified Mrs. Lee, who is appellant's wife, Ms. Kim, and Yung Lee.  Katie Duncan, Candy Speas, Angela Speas, and Mary Ramirez, all of whom Lee had employed, also testified that three or more employees were working at the store at various times.

In addition, Lee's quarterly tax returns showed that Lee had more than three employees listed in three of the quarters of 1993.  His return for the third quarter of 1993 contained no entry in the space designated for the number of employees.  For the quarter ending on December 31, 1993, less than a month before Beaver's injury, Lee reported that he employed four employees. Although Lee stated that he did not have three or more employees

working for him, he acknowledged that family members and other individuals assisted him at the store.  He testified, however, that they were not paid for their help.  He also acknowledged that some employees were given cash payments that were not recorded on the books.  After stating that he could not recall all the names of his employees, Lee identified approximately nineteen people who worked in his food market in the eighteen-month period prior to Beaver's injury.

Based upon the proof in the record, the commission found as follows:

> Upon review of the evidence, we find that at least three or more employees were required to carry out the established mode of this employer's business and that there were three or more employees regularly in service. In this case, we find that the employer's minor children were not employees.  However, we find that services provided by Mrs. Lee and Ms. Kim were not gratuitous and that they were employees.  Both performed vital functions for the business, Mrs. Lee as a cashier and Ms. Kim providing coverage on Sundays.  Likewise, we find that Yung Lee's services (security duties) were not gratuitous and were essential in carrying out the established mode of business.

We hold that the testimony of Beaver and the other former employees of the food market provide credible evidence to support the commission's findings.  The direct evidence and inferences drawn from the tax reports provide additional credible evidence to support the commission's findings.

IV.

"To prevail upon a defense of willful misconduct . . . ,

- 4 -

[Lee] had to establish (1) that the safety rule was reasonable, (2) that the rule was known to [Beaver], (3) that the rule was for [Beaver's] benefit, and (4) that [Beaver] intentionally undertook the forbidden act."  Spruill v. C.W. Wright Constr. Co., 8 Va. App. 330, 334, 381 S.E.2d 359, 360-61 (1989).  "Willful misconduct requires something more than negligence." Uninsured Employer's Fund v. Keppel, 1 Va. App. 162, 164, 335 S.E.2d 851, 852 (1985).  The issues whether an employee engaged in willful misconduct and violated a safety rule are issues of fact.  See Mills v. Virginia Elec. & Power Co., 197 Va. 547, 551, 90 S.E.2d 124, 127 (1955).

Upon its review of the testimony of Beaver and three of the former employees, the commission found as follows:

> Testifying by deposition, Beaver stated that she was unaware of any rule concerning the operation of the meat grinder, specifically one that mandated the use of the plunger in order to free meat jams.  Beaver's testimony that she never was instructed how to use the meat grinder was supported by three co-workers.  The employer, Kyu H. Lee, testified that he showed Beaver how to operate the meat grinder and that his explanation included the use of the plunger.  Kyu admitted, however, that he paid little attention to whether or not the plunger was employed in freeing meat clogs in the grinder.

The record contains credible evidence to support the commission's finding that Lee had not proved the existence of a safety rule.  Furthermore, credible evidence in the record supports the commission's finding that Beaver's injury was not

the result of intentional conduct.

Finally, we address Beaver's motion to dismiss the Uninsured Employer's Fund as a party to this appeal. The Uninsured Employer's Fund failed to file a written response to that motion.

Although the commission's ruling was adverse to Lee and the Uninsured Employer's Fund, the Uninsured Employer's Fund did not file either a notice of appeal or an appellant's brief. Instead, it filed an appellee's brief and asserted that the commission's award should be overturned because Lee employed fewer than three employees.

We agree with Beaver's argument that when the Uninsured Employer's Fund challenged the award, the Fund was required by the Rules to file an appellant's brief within the time specified by Rule 5A:19(b). Cf. Rule 5A:11(f) ("Whenever two . . . cases were tried together in the . . . Commission, one notice of appeal and one record may be used to bring all such cases before the Court of Appeals . . . ."). We also note that in an earlier appeal of this case, which this Court dismissed because it was taken from an interlocutory order, the Uninsured Employer's Fund filed a notice of appeal and an appellant's brief. The Fund offers no support in the Rules for the method it chose to pursue in this appeal. Accordingly, we grant Beaver's motion to dismiss the Uninsured Employer's Fund as an appellee in this appeal.

For these reasons, we affirm the commission's award.

Affirmed.