COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Elder and Senior Judge Cole
Argued at Richmond, Virginia


DONALD WAYNE OGBURN

v.   Record No. 2174-96-2               MEMORANDUM OPINION[*] BY
                                         JUDGE MARVIN F. COLE
SOUTHSIDE GIN, INC. AND                  MARCH 25, 1997
MERCHANTS OF VIRGINIA
 GROUP SELF INSURANCE ASSOC.


           FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

           Peter D. Eliades (Marks & Harrison, P.C., on
           brief), for appellant.

           Bradford C. Jacob (William C. Walker; Taylor &
           Walker, P.C., on brief), for appellees.


     Donald W. Ogburn (claimant) appeals a decision of the

Workers' Compensation Commission (commission) denying him an

award of compensation benefits on the ground that his willful

violation of a known safety rule caused his injuries.  Finding no

error, we affirm.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

     So viewed, the evidence established that claimant worked for

employer as a gin helper.  On December 18, 1994, employer

assigned claimant to work the 12:00 p.m. to 12:00 a.m. shift.  At

approximately 4:00 p.m., employer instructed claimant to examine

―――――――――――――――――――
       [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

lint cleaners to ensure that the cotton was running smoothly. Claimant examined the lint cleaners while they were running. Claimant observed wet, dirty cotton in one of the lint cleaners slightly above head level. Claimant stepped onto a metal door that was three to four inches above floor-level, and "the next thing [he] knew, [his arms were] . . . in the machine." Claimant denied reaching inside the lint cleaner or grabbing for anything in the machine. He contended that he tried to determine if there was wet, dirty cotton in the lint cleaner. He stated that if he had seen wet, dirty cotton, he would have gone to the front of the gin and reported it to the ginner. Claimant stated that he did not know how the accident occurred. At the time of the accident, claimant was wearing a long-john shirt with sleeves that extended to his wrists and a football jersey with sleeves that extended to his elbows.

Before claimant began working for employer, employer required him to watch two safety videos and gave him a safety booklet. The safety booklet contained instructions to employees to obey all warning signs and tags and not to use their hands to reach into a running machine. Claimant also admitted that employer had instructed its employees not to place their hands in the lint cleaners. Photographs of the lint cleaners identified by claimant showed that each lint cleaner was equipped with a warning label, which read as follows, "Do not reach inside machine until you are certain power has been shut off and locked

out and all motion has stopped."

Samuel Pope, employer's co-owner, testified that he did not witness claimant's accident. However, immediately after the accident, Pope observed claimant with his arms caught between rollers numbered one and two as shown on photographs admitted into evidence. Pope observed claimant standing on the machine, with his arms down in the machine. Pope measured the machine which caused claimant's injuries. Rollers numbered one and two measured eight inches down from the top bar, which was sixty-six inches from the floor. The parties stipulated that claimant is five feet six inches tall. Pope stated that aside from placing one's arms between the machine's rollers, nothing in the work environment or the machine itself could have caused claimant's arms to have been sucked into the machine.

Steven Dickens, who worked for employer at the time of claimant's accident, testified via <u>de</u> <u>bene</u> <u>esse</u> deposition. On December 22, 1994, Dickens had a telephone conversation with claimant. Dickens memorialized that conversation in writing on December 22, 1994 as follows:

> I spoke with Donald Ogburn on December 22, 1994 concerning the accident that occurred on December 18, 1994 at Southside Gin, Inc. Donald stated that he walked to the rear of the gin stands where the lint cleaners are located. He saw cotton "backing up" on the rollers above his head. Donald stated that he then climbed up on the lint cleaner and proceeded to pull the cotton out while the lint cleaner was running. The rollers caught his shirt sleeve and pulled hands and arms into machine. Donald does not remember if it was his shirt sleeve or hand that was first

caught.  It happened very fast.  Donald also stated that it was possible that he could have slipped and attempted to catch himself from falling.

Based upon this record, the commission held that employer's evidence proved its affirmative defense of willful misconduct. The commission found that the most plausible explanation for the accident was that claimant intentionally reached into the machine while it was in operation, resulting in his injuries.  The commission based this finding on the testimony of Pope and Dickens, as well as Dickens' written statement memorializing his telephone conversation with claimant.

"Willful misconduct requires something more than negligence."  Uninsured Employer's Fund v. Keppel, 1 Va. App. 162, 164, 335 S.E.2d 851, 852 (1985).  "Disregard of an express order, especially one made for the safety of the employees, usually constitutes willful misconduct."  Id. at 165, 335 S.E.2d at 852.  "'The questions of whether or not a claimant has been guilty of willful misconduct and whether such misconduct was a proximate cause of the employee's accident are issues of fact.'" Id. (quoting Mills v. Virginia Elec. & Power Co., 197 Va. 547, 551, 90 S.E.2d 124, 127 (1955)).  This Court is bound by the commission's factual findings if supported by credible evidence. James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

To prevail on its willful misconduct defense, employer was not required to prove that the employee, with the safety rule in

4

mind, purposefully determined to break it. Employer must only show that, knowing the rule, the employee intentionally performed the forbidden act. Spruill v. C.W. Wright Constr. Co., Inc., 8 Va. App. 330, 334, 381 S.E.2d 359, 361 (1989). Claimant conceded that employer's two safety rules were reasonable, were known to him, and were for his benefit.

The testimony of Pope and Dickens, as well as Dickens' written statement, constitutes credible evidence to support the commission's factual finding that claimant reached into the machine to remove dirty, wet cotton, while the machine was running, in violation of employer's safety rules. In addition, claimant's stipulated height, combined with the undisputed evidence of the layout of the lint cleaner, also provides credible evidence to support the commission's finding. Based upon this evidence, it was physically impossible for claimant's arms to have been caught in the machine without him reaching into it. "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

By deliberately reaching into the machine while it was in operation, claimant violated employer's known safety rules. Therefore, the commission did not err in ruling that claimant is barred from receiving any benefits under the Workers' Compensation Act.

For the reasons stated, we affirm the commission's decision.

Affirmed.