COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Fitzpatrick, Judges Felton and Kelsey
Argued at Chesapeake, Virginia


LAFAYETTE FINNEY

v.        Record No. 2844-03-1

DAVID F. MASON AND
 VIRGINIA FARM BUREAU FIRE &
 CASUALTY INSURANCE COMPANY

MEMORANDUM OPINION* BY
JUDGE WALTER S. FELTON, JR.
JULY 13, 2004


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

> Allan D. Zaleski (Weisberg and Zaleski, P.C., on brief), for
> appellant.
>
> Ralph L. Whitt, Jr. (Jennifer C. Williamson; Whitt & Associates,
> on brief), for appellees.


Lafayette Finney (Finney) appeals from a decision by the Workers' Compensation Commission (the commission) holding that his failure to stop at a posted stop sign barred any award for compensation under Code § 65.2-306(A)(4). Finney contends that the commission erred when it found that credible evidence established that Finney's failure to stop at the stop sign constituted willful failure to perform a duty required by statute. For the reasons that follow, we reverse the commission's decision and remand for further consideration.

BACKGROUND

On appeal, we view the evidence in the light most favorable to the employer, the party prevailing below. Southland Corp. v. Gray, 18 Va. App. 366, 369, 444 S.E.2d 19, 21 (1994). The evidence establishes Finney was employed as a farm laborer by David F. Mason (employer).

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On June 3, 2002, Finney was involved in an accident while driving a pickup truck belonging to the employer. Finney testified that he believed he was on his way to spray some peaches on one of the employer's farms. He failed to stop at a posted stop sign at the intersection of Daugherty Road (Route 648) and Route 13, a four-lane highway. The vehicle that he was driving on Daugherty Road was struck by a car traveling in the southbound lane of Route 13, resulting in serious injury to Finney, including a fractured skull. He also suffered a fractured leg and rib. Finney's head trauma caused partial memory loss, including his memory of the accident, and prevented him from returning to work. He filed a claim with his employer for workers' compensation benefits.

The deputy commissioner denied Finney's claim for benefits, finding that he was barred from receiving benefits pursuant to Code § 65.2-306(A)(4); that his failure to obey the stop sign violated a duty imposed by statute; and that this failure was the cause of the accident. The full commission affirmed the findings of the deputy commissioner.

ANALYSIS

On appeal, we are bound by factual findings made by the commission so long as credible evidence in the record supports those findings. A.G. Van Metre, Jr., Inc. v. Gandy, 7 Va. App. 207, 215, 372 S.E.2d 198, 203 (1988). "Where reasonable inferences may be drawn from the evidence in support of the commission's factual findings, they will not be disturbed by this Court on appeal." VFP, Inc. v. Shepherd, 39 Va. App. 289, 292, 572 S.E.2d 510, 512 (2002) (citations omitted). We will not overturn the commission's decision unless it is plainly wrong or without evidence to support it. Southland Corp., 18 Va. App. at 369, 444 S.E.2d at 21.

The full commission affirmed the decision of the deputy commissioner denying benefits to Finney on the grounds that he "did not stop at a posted stop sign in violation of the law, which was known to, and for the benefit of, [Finney] and that action caused the accident." Finney contends

- 2 -

that the commission erred when it concluded that it was enough to merely show he failed to stop at the stop sign in order to defeat his claim for benefits. He argues that the commission has, in effect, adopted a *per se* rule by its finding that any violation of a traffic law bars compensation as a "willful" failure "to perform a duty required by statute," pursuant to Code § 65.2-306(A)(4). Simply stated, Finney contends that the commission failed to make a finding that his failure to stop was a willful and intentional disobedience to the stop sign, and not a result of his negligence.

Code § 65.2-306 provides, in pertinent part:

> A. No compensation shall be awarded to the employee or his dependents for an injury or death caused by:
>
> \*     \*     \*     \*     \*     \*     \*
>
> 4. The employee's willful failure or refusal to use a safety appliance or perform a duty required by statute;
>
> \*     \*     \*     \*     \*     \*     \*
>
> B. The person or entity asserting any of the defenses in this section shall have the burden of proof with respect thereto.

The burden is on the employer claiming the defense of willful misconduct to show that the employee willfully refused to perform a duty required by statute. King v. Empire Collieries Co., 148 Va. 585, 586, 139 S.E. 478, 479 (1927).

We have previously stated that willful misconduct requires something more than negligence. "'Negligence, regardless how gross, does not bar a recovery for workers' compensation benefits.'" Harbin v. Jamestown Village Joint Venture, 16 Va. App. 190, 196, 428 S.E.2d 754, 757 (1993) (quoting Uninsured Employer's Fund v. Keppel, 1 Va. App. 162, 165, 335 S.E.2d 851, 852 (1985)).

> Willful misconduct requires something more than negligence. "'Willful' . . . imports something more than a mere exercise of the will in doing the act. It imports a wrongful intention." One of the salutary purposes of worker's compensation acts is to provide specified benefits for injuries arising out of and in the course of employment regardless of fault of the employer or employee,

except instances of willful misconduct or intentional injury. The common law defense of contributory negligence is abolished by the Act.

Harbin, 16 Va. App. at 196, 428 S.E.2d at 757-58 (quoting Keppel, 1 Va. App. at 164, 335 S.E.2d at 852); see also Buzzo v. Woolridge Trucking, Inc., 17 Va. App. 327, 332, 437 S.E.2d 205, 208 (1993). In Harbin, this Court held that an employee's negligence in crossing the street against the light and outside of the pedestrian lane was not willful misconduct and was not a bar to his claim for workers' compensation benefits. 16 Va. App. at 197, 428 S.E.2d at 758.

"Proof of negligence, even gross negligence, alone will not support the defense, for willful misconduct 'imports something more than a mere exercise of the will in doing the act. *It imports a wrongful intention.*'" Buzzo, 17 Va. App. at 332, 437 S.E.2d at 208 (quoting King, 148 Va. at 590, 139 S.E. at 479) (emphasis added). "'Negligence conveys the idea of heedlessness, inattention, inadvertence; willfulness and wantonness convey the idea of purpose or design, actual or constructive.'"[1] Infant C. v. Boy Scouts of America, Inc., 239 Va. 572, 582, 391 S.E.2d 322, 327-28 (1990) (quoting Thomas v. Snow, 162 Va. 654, 660, 174 S.E. 837, 839 (1934)). Willful describes "[a]n intention to do an act that he knows, or ought to know, is wrongful, or forbidden by law. It involves the idea of premeditation and determination to do the act, though known to be forbidden." Brockway v. Easter, 20 Va. App. 268, 271, 456 S.E.2d 159, 161 (1995) (quoting King, 148 Va. at 590-91, 139 S.E. at 479).

"A wilful [sic] failure or refusal to perform a duty required by statute refers to a statute which has in some way been brought to the attention of the employee, or of which he had knowledge." Riverside and Dan River Cotton Mills v. Thaxton, 161 Va. 863, 871, 172 S.E. 261,

---

[1] The Supreme Court has said that: "Gross negligence and ordinary negligence differ from one another only in degree, but the species of tortious conduct which the authorities have variously labelled [sic] willful and wanton conduct, or reckless misconduct, or willful and intentional conduct, differs in kind from both of them." Infant C., 239 Va. at 582, 391 S.E.2d at 328 (citing Kennedy v. McElroy, 195 Va. 1078, 1081, 81 S.E.2d 436, 439 (1954)).

264 (1934) (citation omitted). While the term "willful" refers to intentionally performing the forbidden act, proof that the failure to obey a statute was willful requires proof that it was not a result of "heedlessness, inattention, [and] inadvertence." Infant C., 239 Va. at 582, 391 S.E.2d at 327-28 (citation omitted).

Here, the employer had the burden of proving that Finney willfully failed to perform a statutory duty, namely to obey the stop sign. The record reflects that Finney was acting within the scope of his employment as he drove his employer's vehicle on his way to spray his employer's peach trees. It also reflects that Finney failed to stop at the intersection of Daugherty Road and Route 13, an intersection controlled by a stop sign. As a result of his failure to stop at the posted stop sign, the collision occurred and Finney was seriously injured. Finney testified that he was familiar with the road and that he resided in the area. As a result of the serious head injury he suffered in the collision, Finney remembered nothing about the accident. An eyewitness to the collision testified that he did not observe Finney experiencing difficulty operating his vehicle. The driver of the vehicle immediately behind Finney as he approached the stop sign testified that Finney was "traveling less than twenty-five miles an hour . . . . He drove straight through the stop sign." Finney was driving with his right hand on the steering wheel and his left elbow hanging out the window. As Finney approached the stop sign, the witness did not see his brake lights come on. He testified that Finney did not turn his head in either direction as he approached the intersection.

The commission denied benefits to Finney because he "did not stop at a posted stop sign in violation of the law, which was known to, and for the benefit of, [Finney] and that action caused the accident." Absent from the commission's decision was a determination that Finney willfully refused to obey the stop sign. While the commission noted that not all failures to stop at a stop sign constitute willful misconduct, it limited as acceptable reasons for such failure "evidence of

- 5 -

the claimant's truck malfunction or that he was otherwise prevented from stopping at the stop sign."

There is a distinct difference in a person's violating a traffic statute by failing to stop at a stop sign, and in a person's seeing the stop sign and deliberately refusing to obey it. Here the commission failed to distinguish whether Finney willfully determined to disobey the stop sign, or whether he negligently or carelessly failed to obey the stop sign. Because "[n]egligence, regardless how gross, does not bar a recovery for workers' compensation benefits," the commission was required to determine whether Finney intentionally or willfully disobeyed the stop sign, "with knowledge of a known hazard," or whether he negligently failed to heed its command. Keppel, 1 Va. App. at 165, 335 S.E.2d at 852; see also Buzzo, 17 Va. App. at 334, 437 S.E.2d at 210.

We decline to adopt a *per se* rule that any violation of any traffic law constitutes a willful failure to perform a duty required by statute under Code § 65.2-306(A)(4). We cannot glean from the record before us whether the commission determined that Finney made a willful and conscious decision to disobey the stop sign, or whether he negligently failed to obey the stop sign. In order to deny Finney benefits, the record must affirmatively reflect that the claimant did more than simply violate the traffic statute. It must show that he intentionally did so. See Code § 65.2-306(A)(4).

In the absence of a specific finding that Finney intentionally determined to disobey the stop sign, the commission erred in denying benefits to him. Accordingly, we reverse and remand for it to determine from the evidence whether Finney's failure to stop at the stop sign was willful and that it enter its award as may be appropriate.

Reversed and remanded.

Kelsey, J., concurring, in part, and dissenting, in part.

I agree entirely with my colleagues on the legal standard governing a claimant's "willful failure" to "perform a duty required by statute." Code § 65.2-306(A)(4). Neither simple nor gross negligence passes this test.

I respectfully disagree, however, that the commission either misunderstood this standard or failed to make a "specific finding" of willfulness. *Ante*, at 6. Given the unique facts of this case, the deputy commissioner held the claim "was barred by willful misconduct." See Finney v. Mason, VWC File No. 210-04-75, 2003 WL 22507848, at *1 (Oct. 27, 2003). The unanimous commission affirmed, holding that "the claimant 'willfully failed to perform a duty required by statute' by failing to stop at the stop sign, 'which was the cause of this accident.'" Id. at *3 (citation omitted). In making this factual finding, the commission made clear it understood that proof of "negligence, even gross negligence, alone will not support the defense, for willful misconduct 'imports something more than a mere exercise of the will in doing the act. It imports a wrongful intention.'" Id.

I also disagree that the commission, without saying as much, nevertheless applied "a *per se* rule that any violation of any traffic law constitutes a willful failure to perform a duty required by statute under Code § 65.2-306(A)(4)." *Ante*, at 6. To the contrary, the commission carefully avoided doing so: "We note that we do not hold that in all cases a claimant is guilty of willful misconduct if the claimant fails to stop at a stop sign." Finney, 2003 WL 22507848, at *3.

For these reasons, I concur with the majority's legal reasoning but not with its decision to reverse and remand. I would affirm the commission's decision in full.