### KING v. EMPIRE COLLIERIES COMPANY, ETC.,
### and
### INTERMONT COAL AND IRON COMPANY, ETC.,
### v. NICHOLS.

September 22, 1927.

Absent, Prentis, P.

1. WORKMEN'S COMPENSATION ACT—*Construction—Stare Decisis—Value of Precedents.*—There has been so much confusion and conflict among the decisions, English and American, construing the compensation laws that precedents are of but little value.

2. WORKMEN'S COMPENSATION ACT—*Construction—Ascertainment of Legislative Intent.*—It is to be borne in mind that the compensation act is a statute apart to itself, providing compensation for the beneficiaries thereunder upon the terms prescribed, and changing many rules of the common law. It abolishes the doctrine of fellow-servants, contributory negligence, assumption of risk. It is in the light of such changes, and other ameliorations of the hardships of the common law that the legislative intent from the language used is to be ascertained.

3. STATUTES—*Construction—Effect Given to all Parts of Statute.*—It is an elementary canon of construction of statutes that courts are bound, if it is possible, to give effect to all its several parts. No sentence, clause or word should be construed as unmeaning or surplusage, if a construction can be legitimately found which will give force to and preserve all the words of the statute.

4. WORKMEN'S COMPENSATION ACT—*Section 14 of the Act of 1918, Chapter 400, Code of 1924, Section 1887 (14)—Compensation Denied Where Injury is Due to a Wilful Failure or Refusal to Perform a Duty Required by Statute.*—Section 14 of the workmen's compensation act, Code of 1924, section 1887 (14), provides that no compensation shall be allowed for an injury or death due to the employee's wilful misconduct, including an injury due to a "wilful failure or refusal to * * perform a duty required by statute." The word "wilful" imports something more than a mere exercise of the will in doing the act. It imports a wrongful intention. An intention to do an act that

the employer knows, or ought to know, is wrongful, or forbidden by law. It involves the idea of premeditation and determination to do the act, though known to be forbidden. There cannot, however, be a wilful failure to perform an unknown duty. The language used in the statute covers something more than negligence, however gross.

5. MAXIMS—*Ignorance of the Law is no Excuse—Workmen's Compensation Act.*—Usually, ignorance of the law is no excuse, and everyone is conclusively presumed to know the law—that is, he is estopped from denying such knowledge, but it is entirely competent for the legislature to make exceptions to the rule. With the innumerable penal statutes on our books, the legislature might well provide that a workman should not be barred from recovering under the compensation act if he violated a statute of which he had no knowledge; that the estoppel from setting up knowledge of the law should not apply to compensation cases. This would be in keeping with other beneficent provisions of the act.

6. WORKMEN'S COMPENSATION ACT—*Wilful Failure or Refusal to Perform a Duty Required by Statute—Knowledge of Employee of Statute.*—As used in section 14 of the workmen's compensation act, Code of 1924, section 1887 (14), a *wilful* failure or refusal to perform a duty required by statute refers to a statute which has in some way been brought to the attention of the employee, or of which he had knowledge.

7. WORKMEN'S COMPENSATION ACT—*Wilful Failure or Refusal to Perform a Duty Required by Statute—Section 14 of the Workmen's Compensation Act of 1918, Chapter 400, Code of 1924, Section 1887 (14).*—If an employee is injured by an accident which arises out of and in the course of his employment, and which proximately causes the injury complained of, he is not barred from recovery under section 14 of the compensation act (Acts 1918, chapter 400, Code of 1924, section 1887 (14) ) by the fact that at the time of the accident he was engaged in doing an act which was forbidden by a general statute of the State, for the violation of which a penalty is prescribed, unless the employer can show that he had knowledge of the statute, or that reasonable steps had been taken to bring home to him notice of its existence. The burden is on the employer to show that the employee wilfully neglected or refused to observe the statute.

8. WORKMEN'S COMPENSATION ACT—*Wilful Failure or Refusal to Perform a Duty Required by Statute—Short Fuse Used in Blasting—Case at Bar.*—In the instant case a statute provided that "when fuse is used to ignite explosives in blasting coal, or other thing, it shall be unlawful to use a fuse which does not extend outside of the hole at least four inches," and a penalty was imposed of a fine of not less than ten nor more than fifty dollars for a violation of the statute. The employee used a fuse which extended out of the hole only two inches, and he sought compensation for the resulting injury. He

testified that the proximate cause of his injury was a defective fuse. There was no evidence that he knew of the existence or requirement of the statute, or that any effort had been made to bring the statute or its provisions to his notice, nor of any rule or instruction of the employer on the subject.

*Held:* That an award of the Industrial Commission in favor of the employee must be affirmed.

9. WORKMEN'S COMPENSATION ACT—*Wilful Failure or Refusal to Perform a Duty Required by Statute—Section 14 of the Compensation Act of 1918 (Acts 1918, Chapter 400), Code of 1924, Section 1887 (14).*—In holding that section 14 of the workmen's compensation act (Acts 1918, chapter 400), forbidding recovery where the injury is due to the wilful failure or refusal of the employee to perform a duty required by statute, did not apply where the employee was ignorant of the statute which he was alleged not to have complied with, the Supreme Court of Appeals confined its decision entirely to a construction of section 14 of the compensation act (Acts 1918, chapter 400), and nothing said in the opinion was intended to affect in any way a prosecution or proceeding against an employee, or other person, for a violation of any penal law of the State.

Certified questions from the Industrial Commission. Questions answered, and award of Commission in second case affirmed

*Affirmed.*

The opinion states the case.

*R. L. Lindsay*, for the appellant in the *King Case*.

*H. M. Bandy*, for the appellees in the *King Case*.

*H. M. Bandy*, for the appellant in the *Nichols Case*.

No appearance for the appellees in the *Nichols Case*.

BURKS, J., delivered the opinion of the court.

In the first mentioned case the Industrial Commission, in pursuance of section 61 of the workmen's

compensation act (Act 1924, page 478), has certified
to this court for its decision the following case:

"An employee is injured by an accident which arises
out of and in the course of his employment and would
be entitled to receive compensation, unless the fact
that he was at the time of the accident engaged in doing
an act which is forbidden under the general law of the
State, and for the violation of which a penalty is pre-
scribed, prevents it. The contention is made before
this Commission that, if such be the situation, then
under the terms of section 14 of the compensation act,
such employee is guilty of wilful misconduct, and
neither he nor his dependents (in case of his death)
may receive compensation. It is also contended that
the Commission can go no farther in such cases than
merely to ascertain if the act in question is contrary to
the law, and if it is, then the claim must be dismissed.

"The hearing commissioner has taken a different
view, and has held that, since no wilful violation of
the statutory inhibition has been shown, compensation
must be paid.

"From this decision the insurance carrier has asked
for a review before the full Commission. The Com-
mission, therefore, desires to certify the question to
this honorable court."

Section 14 of the compensation act (Acts 1918,
chapter 400), above referred to, is as follows: "No
compensation shall be allowed for an injury or death
due to the employee's wilful misconduct, including
intentional self-inflicted injury, or growing out of his
attempt to injure another, or [to intoxication or wilful
failure or refusal to use a safety appliance or perform a
duty required by statute, or the wilful breach of any
rule or regulation adopted by the employer and ap-
proved by the Industrial Commission, and brought

prior to the accident to the knowledge of the employee. The burden of proof shall be upon him who claims an exemption or forfeiture under this section."

The paragraph we are asked to construe is that denying compensation for an injury due to a "wilful failure or refusal to   *   *   perform a duty required by statute."

[1] There has been so much confusion and conflict among the decisions, English and American, construing the compensation laws, that precedents are of but little value, and we have determined to follow the example of the Minnesota court and decline to "review the decisions in England and in this country, rapidly increasing in number." *State* v. *District Ct.*, 134 Minn. 16, 158 N. W. 713, L. R. A. 1916F, 957.   This conflict is discussed in 28 R. C. L. 798–800, where Lord Chancellor Haldane is quoted as saying: "Having regard to the conflict which exists between judicial opinions expressed in some of the decided cases, the only safe guide appears to me to be the language of the act of Parliament itself."   We shall follow this rule.

[2] It is to be borne in mind that the compensation act is a statute apart to itself, providing compensation for the beneficiaries thereunder upon the terms prescribed, and changing many rules of the common law. It abolishes the doctrine of fellow-servants, contributory negligence, assumption of risk.   It is in the light of such changes, and other ameliorations of the hardships of the common law, that we are to ascertain the legislative intent from the language used in section 14.

[3] It is an elementary canon of construction of statutes, that "courts are bound, if it is possible, to give effect to all its several parts.   No sentence, clause or word should be construed as unmeaning or surplusage, if a construction can be legitimately found

which will give force to and preserve all the words of the statute." Black Inter. Laws, page 83.

[4-6] As stated, the language to be construed is a "wilful failure or refusal to * * perform a duty required by statute." We cannot omit the word "wilful." If we did, there could be no recovery by the employee if the failure was simply negligent, but contributory negligence does not bar recovery, and it is conceded generally that the language used covers something more than negligence, however gross. "Wilful," as used in the statute, imports something more than a mere exercise of the will in doing the act. It imports a wrongful intention. An intention to do an act that he knows, or ought to know, is wrongful, or forbidden by law. It involves the idea of premeditation and determination to do the act, though known to be forbidden. There cannot, however, be a wilful failure to perform an unknown duty. If the duty is unknown, the employee cannot deliberately determine that he will not perform it. Usually ignorance of the law is no excuse, and everyone is conclusively presumed to know the law—that is, he is estopped from denying such knowledge, but it is entirely competent for the legislature to make exceptions to the rule. With the innumerable penal statutes on our books, the legislature might well provide that a workman should not be barred from recovering under the compensation act if he violated a statute of which he had no knowledge; that the estoppel from setting up knowledge of the law should not apply to compensation cases. This would be in keeping with other beneficent provisions of the act. A *wilful* failure or refusal to perform a duty required by statute refers to a statute which has in some way been brought to the attention of the employee, or of which he had knowledge.

Color is given to this construction by other language of section 14, "Wilful failure *or refusal.*" Wilful failure is here used in apposition with "refusal." The "wilful failure" which amounts to refusal, or is the same thing as refusal. How could there be a *refusal* to obey an unheard of statute? Refusal embodies the right of election. It is the rejection of something demanded, solicited or offered for acceptance. It involves the exercise of the will in making a choice, action rather than mere inaction. It is not mere negligence, however gross.

Other cases in which compensation is denied by section 14, are, (1) Wilful misconduct including self-inflicted injury, or (2) growing out of an attempt to injure another, or (3) intoxication, or (4) wilful breach of a rule or regulation of the employer brought to his knowledge before the accident. They all involve the idea of moral blame, or of "conduct of a *quasi* criminal nature, the intentional doing of something either with the knowledge that it is likely to result in serious injury, or with a wanton and reckless disregard of its probable consequences." *Burns' Case*, 218 Mass. 8, 105 N. E. 601, Ann. Cas. 1916A, 787. None of them are cases of mere negligence. Except the single case of intoxication, all of them involve an affirmative exercise of the will, either to do what is manifestly wrong, or to refuse to accept known regulations of the employer made for the safe conduct of his business, and which are plainly reasonable. So we conclude that, "wilful failure or refusal to perform a duty required by statute," within the meaning of section 14, involves more than the ignorant failure to comply with the statute. The failure must be "wilful." The employee must will, or intend, not to comply with the statute, and this he cannot do in the absence of all knowledge of the existence of the statute.

The legislature knew, of course, that there were a great many miners in the State who could neither read, write, nor speak the English language, who were to have the benefit of the compensation act, along with others, and in making the exclusions of section 14, it placed no penalty on mere ignorance, so long as there was no moral blame, and hence provided that the failure to perform a duty required by statute in order to exclude one from the benefits of the act must be a "wilful failure or refusal"—a failure of such character as amounted to refusal. The knowledge of the law which is generally imputed to everyone was excluded from the operation of section 14 by the use of the word "wilful" immediately preceding "failure or refusal."

If the employee had knowledge of the statute, or it can be shown that proper steps had been taken to bring home to him notice of it, he cannot recover, for he cannot recover under one statute enacted for his benefit for an injury proximately arising out of the violation of another statute which he has wilfully neglected or refused to obey.

[7] In answer to the question put by the Industrial Commission we say that, if the employee is injured by an accident which arises out of and in the course of his employment, and which proximately causes the injury complained of, he is not barred from recovery under section 14 of the compensation act by the fact that at the time of the accident he was engaged in doing an act which was forbidden by a general statute of the State, for the violation of which a penalty is prescribed, unless the employer can show that he had knowledge of the statute, or that reasonable steps had been taken to bring home to him notice of its existence. The burden is on the employer to show that the employee wilfully failed or refused to observe the statute.

[8] In the second case mentioned above (*Intermont Coal & I. Co. v. Nichols*), a statute provided that "when fuse is used to ignite explosives in blasting coal, or other thing, it shall be unlawful to use a fuse which does not extend outside of the hole at least four inches," (Code 1919, section 1876), and a penalty was imposed of a fine of not less than ten nor more than fifty dollars for a violation of the statute. The employee used a fuse which extended out of the hole only two inches, and he sought compensation for the resulting injury. He testified that the proximate cause of his injury was a defective fuse. There was no evidence that he knew of the existence or requirement of the statute, or that any effort had been made to bring the statute or its provisions to his notice, nor of any rule or instruction of the employer on the subject.

Under the rule stated above in answer to the question propounded by the Industrial Commission, the award made by the Industrial Commission in favor of the claimant must be affirmed.

[9] Nothing said in the foregoing opinion is intended to affect in any way a prosecution or proceeding against an employee, or other person, for a violation of any penal law of the State. We confine our decision entirely to a construction of section 14 of the compensation act.

The answer of this court to the case propounded by the Industrial Commission will be certified to the Industrial Commission, and the award of the commission in the second mentioned case will be affirmed.

*Affirmed.*