COURT OF APPEALS OF VIRGINIA

Present:  Judges Coleman, Willis and Bray
Argued at Norfolk, Virginia


DALE OLD, T/A
 DALE OLD WRECKER SERVICE

v.        Record No. 2013-94-1        MEMORANDUM OPINION[*] BY
                                      JUDGE JERE M. H. WILLIS, JR.
DARRYLL F. HUCKABY                         JULY 5, 1995


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Jeffery L. Nuckolls (Basnight, Jones, Wright,
            Kinser and Telfeyan, P.C., on briefs), for
            appellant.

            Carlton F. Bennett (Bennett and Zydron, P.C.,
            on brief), for appellee.


     On appeal from a decision of the Workers' Compensation

Commission awarding Darryll F. Huckaby temporary total disability

benefits from October 26, 1993 to March 2, 1994; temporary

partial disability benefits from March 3, 1994 and continuing;

and the reasonable costs of medical care related to the October

25, 1993 accident, Dale Old, t/a Dale Old Wrecker Service (Old),

contends (1) that Huckaby is not entitled to compensation because

sufficient evidence proved that Huckaby knowingly violated Code

§ 46.2-1094, constituting willful misconduct, and (2) that

sufficient evidence proved the existence of Old's safety rule

requiring the wearing of safety belts.  We find no error and

affirm the award.

---

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Old employed Huckaby as a tow truck driver. On October 25, 1993 while driving the tow truck and stopped at a stop light, Huckaby was struck from behind. He was thrown forward and hit his right knee on the dashboard. He was not wearing a seat belt at the time.

During the hearing before the deputy commissioner, Old testified that he had an oral safety rule requiring all drivers to wear safety belts while operating their tow trucks, and that this rule was communicated to all drivers. Ms. Earls, the office manager at Dale Old, testified to the existence of the rule and its communication to all drivers, including Huckaby. Huckaby testified that he had no knowledge of such a safety rule at Dale Old. However, he admitted that he knew of the statutory requirement of Code § 46.2-1094 and admitted his failure to comply with it.

The deputy commissioner found that no safety rule existed at Dale Old requiring the use of seat belts, but that Huckaby had knowingly violated Code § 46.2-1094 and denied his claim. On review, the full commission reversed the deputy commissioner's finding of willful misconduct. It found no evidence that Huckaby's failure to wear a seat belt was willful or intentional. It further found the evidence insufficient to prove that if Huckaby had been wearing his seat belt at the time of the accident, this would have prevented the injury.

The elements of the defense of willful misconduct are as

follows:

No compensation shall be awarded to the employee . . . for an injury or death caused by:

1. The employee's willful misconduct . . . ;

* * * * * * *

4. The employee's willful failure or refusal to use a safety appliance or perform a duty required by statute;

5. The employee's willful breach of any reasonable rule or regulation adopted by the employer and brought, prior to the accident, to the knowledge of the employee . . . .

Code § 65.2-306(A). "To successfully raise the defense of willful misconduct, the employer must establish '(1) that the safety rule [or other duty] was reasonable, (2) that the rule was known to [the employee], (3) that the rule was for [the employee's] benefit, and (4) that [the employee] intentionally undertook the forbidden act.'" Buzzo v. Woolridge Trucking, Inc., 17 Va. App. 327, 332, 437 S.E.2d 205, 208 (1993) (quoting Spruill v. C.W. Wright Constr. Co., 8 Va. App. 330, 334, 381 S.E.2d 359, 360-61 (1989)).

Willful misconduct requires something more than negligence. King v. Empire Collieries Co., 148 Va. 585, 590, 139 S.E. 478, 479 (1927). "It imports a wrongful intention." Id. The employer need not prove that the employee broke the rule purposefully. "It is sufficient to show that, knowing the safety rule, the employee intentionally performed the forbidden act." Riverside & Dan River Cotton Mills, Inc. v. Thaxton, 161 Va. 836,

- 3 -

872, 172 S.E. 261, 264 (1934).  The evidence supports the finding that Huckaby's failure to have his seat belt fastened at the time of the accident was, at most, negligence.  No evidence proved that he intentionally failed to fasten his seat belt.  Negligence does not bar workers' compensation benefits.  Uninsured Employer's Fund v. Keppel, 1 Va. App. 162, 165, 335 S.E.2d 851, 852 (1985).

Furthermore, the evidence failed to prove that Huckaby would not have suffered his injury had he been wearing a seat belt.  This failure of proof supports the commission's determination that Huckaby's failure to wear a seat belt had not been proven to be a proximate cause of his injury.

"The questions of whether or not a claimant has been guilty of willful misconduct and whether such misconduct was a proximate cause of the employee's accident are issues of fact."  Mills v. Virginia Electric & Power Co., 197 Va. 547, 551, 90 S.E.2d 124, 127 (1955).  "A factual finding by the commission 'will not be disturbed on appeal' unless unsupported by credible evidence."  Buzzo, 17 Va. App. at 332-33, 437 S.E.2d at 209 (quoting Rose v. Red's Hitch & Trailer Servs., Inc., 11 Va. App. 55, 60, 396 S.E.2d 392, 395 (1990)).

The award is affirmed.

Affirmed.

- 4 -