COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Elder and Bumgardner
Argued at Salem, Virginia


VALLEYDALE FOODS, INC. AND
 FIDELITY & GUARANTY
 INSURANCE COMPANY
                                        MEMORANDUM OPINION* BY
v.   Record No. 1438-01-3           JUDGE RUDOLPH BUMGARDNER, III
                                           JANUARY 15, 2002
GYE Y. LEE


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Richard D. Lucas (Lucas & Associates, on
            briefs), for appellants.

            Rhonda L. Overstreet (Lumsden, Overstreet &
            Hansen, on brief), for appellee.


     Valleydale Foods, Inc., appealing from a Workers'

Compensation Commission's award of benefits to Gye Y. Lee,

contends the worker willfully violated a known safety rule and

failed to market his residual work capacity.  Finding no error,

we affirm.

     The worker, a meat scooper on a bacon assembly line,

injured two fingers while attempting to fix a loose belt on a

running machine.  The parties stipulated the employer's safety

rule prohibited "employees from placing their hands into

machinery."

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

The deputy commissioner found the worker credible, concluded he had a "very limited understanding of written and spoken English," and was "unconvinced . . . that the rule was known to the claimant prior to his injury."  The commission affirmed this credibility determination and finding of fact.[1] The commission further found that the worker had made a good faith effort to market his residual work capacity.

In order to prevail on the affirmative defense of a willful violation of a safety rule, the employer must prove that the worker knew of the rule.  Virginia Elec. & Power Co. v. Kremposky, 227 Va. 265, 267, 315 S.E.2d 231, 233 (1984).  Code § 65.2-306(A)(5) bars compensation where the injury is caused by "[t]he employee's willful breach of any reasonable rule . . . adopted by the employer and brought, prior to the accident, to the knowledge of the employee."

The General Assembly included the word "willful" in the statute to promote the beneficent purposes of the act by not penalizing workers, particularly those "who could neither read, write, nor speak the English language," who violated a rule from ignorance.  King v. Empire Collieries Co., 148 Va. 585, 592, 139 S.E. 478, 480 (1927).  An employer can defeat a claim only when it shows the worker knew of and understood the rule or that it

---

[1] Commissioner Tarr dissented because the worker's testimony "proved he knew the safety rule and willfully violated it."

-

took "reasonable steps" to so inform the worker.  Id.; 2 Larson's Workers' Compensation Law § 35.02, 35-6 (2001).

Whether a worker "knowingly violated [a safety rule] is a mixed question of law and fact" reviewable on appeal.  Brockaway v. Easter, 20 Va. App. 268, 271-72, 456 S.E.2d 159, 161 (1995). "[S]ubsidiary factual questions are entitled to a presumption of correctness."  Commonwealth v. Peterson, 15 Va. App. 486, 487, 424 S.E.2d 722, 723 (1992) (citation omitted).  "Decisions of the commission as to questions of fact, if supported by credible evidence, are conclusive and binding on this Court."  Manassas Ice & Fuel Co. v. Farrar, 13 Va. App. 227, 229, 409 S.E.2d 824, 826 (1991) (citations omitted).

We view the evidence in the light most favorable to the worker, the prevailing party below.  Brockaway, 20 Va. App. at 272, 456 S.E.2d at 161.

The worker testified through an interpreter that he was "not competent about English."  At the deputy commissioner's request, the worker read the rule in English then explained what it meant in Korean to an interpreter.  The worker translated "pay close attention" into "paying money, and . . . this is intimate."  He concluded, "when I put whatever I know together, they don't seem to make sense."

The worker did not understand the safety documents he signed and was unaware of the employer's written safety policy that prohibited him from putting his hands into the machines.

-

He did not recall being given safety instructions about his hands and was not shown a safety video.

The fact that the worker had a common sense understanding of the risk in attempting to fix the machine does not mean he knew he was violating a safety rule. Negligence does not preclude the worker's recovery. King, 148 Va. at 591, 139 S.E. at 479; Buzzo v. Woolridge Trucking, Inc., 17 Va. App. 327, 332, 437 S.E.2d 205, 209 (1993); Larson's § 35.02, at 35-5.

The employer knew the worker did not understand English well but took no additional steps to communicate its safety rules. The employer did not explain the documents to him or translate them into Korean. It did not post any photographs or visual aids forbidding workers to put their hands in the machines.

Based upon our review of the record, we conclude that the commission's determination that the employer did not prove it had made the rule known to the worker or had taken "reasonable steps" to do so is supported by credible evidence. We cannot say as a matter of law the employer took "reasonable steps" to convey the safety rules to the worker. King, 148 Va. at 592, 139 S.E. at 480.

Next, we consider whether the worker reasonably marketed his residual work capacity. The employer contends the worker failed to exercise good faith because he did not apply for

-

production or fast-food work, the only two positions in which he had worked previously.

"What constitutes a reasonable marketing effort depends on the facts and circumstances of each case." The Greif Cos. v. Sipe, 16 Va. App. 709, 715, 434 S.E.2d 314, 318 (1993) (citation omitted). When the commission's factual determinations are supported by credible evidence, they will not be disturbed on appeal. Wall St. Deli, Inc. v. O'Brien, 32 Va. App. 217, 220-21, 527 S.E.2d 451, 453 (2000). The commission determines the weight to give the various criteria it considers. National Linen Serv. v. McGuinn, 8 Va. App. 267, 272, 380 S.E.2d 31, 34 (1989) (citing relevant factors).

The worker had a limited command of English and had three work restrictions: no working with his left hand, no working in cold temperatures, and no heavy lifting. Nonetheless, with his wife's assistance, the worker registered with the Virginia Employment Commission and applied for approximately five jobs per week. In light of the worker's limitations, credible evidence supports the commission's finding that he made a good faith effort to market his residual work capacity.

Finding no error, we affirm the commission's award of benefits to the worker.

Affirmed.

-