COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Petty and Senior Judge Willis
Argued at Richmond, Virginia


NOEL PINOTH

MEMORANDUM OPINION[*] BY
v.        Record No. 2947-05-2            JUDGE ROBERT P. FRANK
                                          JULY 11, 2006
GLAIZE COMPANY AND
 BITUMINOUS FIRE AND MARINE
 INSURANCE COMPANY


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

> Stephen D. Bloom (Townsend & Bloom, P.L.L.C., on brief), for
> appellant.
>
> Ralph L. Whitt, Jr. (Jennifer C. Williamson; Whitt & Associates, on
> brief), for appellees.


Noel Pinoth, appellant/claimant, appeals a decision by the Workers' Compensation

Commission denying him benefits. Appellant claims the commission erred in (1) finding

claimant willfully violated a known safety rule in violation of Code § 65.2-306, and (2) not

addressing the deputy commissioner's ruling that claimant's injury did not occur in the course of

his employment. For the reasons stated, we affirm the commission.

ANALYSIS

Claimant suffered a severe right hand injury while operating an "up-cut" saw at his place

of employment. Claimant contends that in so doing, he did not willfully violate any safety

regulations. He argues that the commission ignored credible evidence in the record establishing

that he was trained to use the "up-cut" saw. He further contends that even if the commission

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

correctly found he was not trained, his misconduct cannot be regarded as more than mere negligence. We disagree.

On appeal from a decision of the Workers' Compensation Commission, the evidence and all reasonable inferences that may be drawn from that evidence are viewed in the light most favorable to the party prevailing below. Clinchfield Coal Co. v. Reed, 40 Va. App. 69, 72, 577 S.E.2d 538, 539 (2003); Tomes v. James City (County of) Fire, 39 Va. App. 424, 429, 573 S.E.2d 312, 315 (2002). Also, "[w]e do not judge the credibility of witnesses or weigh the evidence on appeal." Celanese Fibers Co. v. Johnson, 229 Va. 117, 121, 326 S.E.2d 687, 690 (1985). Rather, we are bound by the commission's findings of fact as long as "there was credible evidence presented such that a reasonable mind *could* conclude that the fact in issue was proved," Westmoreland Coal Co. v. Campbell, 7 Va. App. 217, 222, 372 S.E.2d 411, 415 (1988) (emphasis in original), even if there is evidence in the record that would support a contrary finding. Morris v. Badger Powhatan/Figgie Int'l, Inc., 3 Va. App. 276, 279, 348 S.E.2d 876, 877 (1986).

Code § 65.2-306 states in part:

> A. No compensation shall be awarded to the employee or his dependents for an injury or death caused by:
>
>      *    *    *    *    *    *    *
>
>      5. The employee's willful breach of any reasonable rule or regulation adopted by the employer and brought, prior to the accident, to the knowledge of the employee[.]
>
>      *    *    *    *    *    *    *
>
> B. The person or entity asserting any of the defenses in this section shall have the burden of proof with respect thereto.

Whether the safety rule is reasonable and applies to the situation from which the injury results, and whether the claimant knowingly violated it, is a mixed question of law and fact to be

decided by the commission and reviewable by this Court. Brockway v. Easter, 20 Va. App. 268, 272, 456 S.E.2d 159, 161 (1995). But the question of whether an employee is guilty of willful misconduct and whether such misconduct is a proximate cause of the employee's accident are issues of fact. Id. (citing Mills v. Virginia Electric & Power Co., 197 Va. 547, 551, 90 S.E.2d 124, 127 (1955)).

> To prevail on the defense of a willful violation of a safety rule, employer must prove that: (1) the safety rule was reasonable; (2) the rule was known to the employee; (3) the rule was promulgated for the benefit of the employee; and (4) the employee intentionally undertook the forbidden act. If the employer carries its burden to show that the employee knew of the rule and intentionally violated it, the employee has willfully failed to obey the rule.

Id. at 271, 456 S.E.2d at 161 (citations omitted).

The defense may be established without the necessity of proving that the employee, with the rule in mind, purposefully determined to break it. Riverside & Dan River Cotton Mills, Inc. v. Thaxton, 161 Va. 863, 872, 172 S.E. 261, 264 (1934). It is sufficient to show that, knowing the safety rule, the employee intentionally performed the forbidden act. Id.

In affirming the deputy commissioner, the full commission concluded, "[u]pon consideration of the entire record in this case, we find the claimant violated a reasonable safety rule known by the employee and promulgated for his benefit, and that he intentionally undertook to perform the forbidden act. Accordingly, his claim is barred. Code § 65.2-306."

Thus, we consider whether the evidence supports the commission's finding of willful violation of a safety regulation.[1] Claimant only contests whether he had prior training on the "up-cut" saw and whether he willfully undertook the forbidden act of using the saw.

---

[1] Claimant does not contend the safety regulation is unreasonable, that he did not know of the regulation, nor that the rule was not promulgated for the benefit of employees.

- 3 -

While claimant presented evidence to the contrary, Elghmari Mohammed, claimant's supervisor, testified that claimant was not authorized to use the "up-cut" saw and was specifically instructed not to use that particular saw. According to Mohammed, claimant was never trained to use the saw, had enough wood already at his workstation to complete the project he was working on, and could have used another available saw on the day of the accident. We find this testimony credible, as the operator of the "up-cut" saw was required to speak English, possess computer skills, and "know the tape measure in English," meaning that the operator needed to know the American system of measures. We note that claimant admittedly does not speak English, and moreover, testified through a translator at the deputy commissioner's hearing. Further, while claiming he had been trained on the "up-cut" saw, claimant admitted he was not authorized to use any equipment he was not trained to use.

However, claimant testified that he understood "pretty much everything," and when he did not understand, he and Mohammed would use sign language.

The commission found Mohammed's testimony credible and rejected claimant's testimony. We find that credible evidence supports the commission's finding that claimant willfully violated a safety regulation.

Claimant next contends that even if he violated the rule, his behavior was no more than mere negligence.

> "Wilful" . . . imports something more than a mere exercise of the will in doing the act. It imports a wrongful intention. An intention to do an act that he knows, or ought to know, is wrongful, or forbidden by law. It involves the idea of premeditation and determination to do the act, though known to be forbidden. There cannot, however, be a wilful failure to perform an unknown duty.

King v. Empire Collieries Co., 148 Va. 585, 590, 139 S.E. 478, 479 (1927).

Claimant argues Spruill v. C.W. Wright Construction, 8 Va. App. 330, 381 S.E.2d 359 (1989), supports his position. The facts of Spruill are inapposite to the record in this case. In

Spruill, employees were required to wear approved rubber gloves when touching or working on any exposed energized power lines. Id. at 332, 381 S.E.2d at 359. Employees were aware, however, that when a lineman was working on a de-energized wire, the lineman could, by accepted practice, work with his bare hands. Id.

Spruill believed that he was working on a de-energized wire, id. at 333, 381 S.E.2d at 360, touched an energized wire with his bare hands, and sustained severe electrical burns resulting in the amputation of both arms. Id. at 332, 381 S.E.2d at 359. The full commission specifically found, as a fact, that Spruill believed that the line was dead, but held that Spruill's action was a willful failure to disregard a known safety rule. Id. at 333, 381 S.E.2d at 360. This Court reversed, stating "Spruill can hardly be said to have willfully disregarded a safety rule applicable only to live wires when he affirmatively believed the line was dead. . . . At most, Spruill's misreading of the blueprints and his failure to check the line before performing the work amounted to negligence." Id. at 334, 381 S.E.2d at 361.

Such is not the case here. Here, claimant equates negligence with what he characterizes as a misunderstanding of Mohammed's statements. However, the facts do not support this argument.

Claimant never testified that he misunderstood Mohammed. To the contrary, he testified that he understood "pretty much" everything and knew he was not to use equipment for which he received no training. While he clearly stated he was trained to use the "up-cut" saw and Mohammed told him to do so, the commission rejected that testimony. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). The trier of fact is not required to accept a

- 5 -

witness' testimony, but instead is free to "rely on it in whole, in part, or reject it completely."

Rollston v. Commonwealth, 11 Va. App. 535, 547, 399 S.E.2d 823, 830 (1991).

Mohammed's testimony made it clear that claimant was unauthorized to use the "up-cut" saw and that Mohammed specifically told claimant not to use the saw. We find no evidence in the record suggesting claimant's use of the "up-cut" saw stemmed from any misunderstanding.

Claimant further argues that the commission erred in not addressing the deputy commissioner's finding that claimant's injury did not occur in the course of his employment. The commission found that claimant's recovery is barred because claimant injured himself by violating a known safety rule. The commission did not need to address whether the injury occurred in the course of his employment. Similarly, because we find that claimant's recovery is barred, we need not address whether the injury occurred in the course of his employment.

Accordingly, the decision of the commission barring claimant's recovery is affirmed.

Affirmed.