# CIRCUIT COURT OF THE CITY OF ROANOKE

Commonwealth of Virginia

v.

Lloyd Jasper Fuller

April 20, 2009

Case No. CR08-1331

BY JUDGE CLIFFORD R. WECKSTEIN

Under the unique facts of this case, the court:

1. Finds that the defendant was "seized" for Fourth Amendment purposes by a police officer who did not have a reasonable suspicion, based on articulable facts, that criminal activity was afoot; and

2. Concludes that no "good faith exception" will permit admission of the evidence that the defendant seeks to suppress.

The court therefore will grant the defendant's motion to suppress. *See Jones v. Commonwealth*, 271 Va. 171, 177, 670 S.E.2d 727 (2009) (whether evidence should be suppressed presents a mixed question of law and fact).

Defendant Lloyd Jasper Fuller stands indicted for the felony of driving as an habitual offender, second or subsequent offense, in violation of Virginia Code § 46.2-357. There is no dispute about the material facts, all of which were provided by the arresting officer, K. C. Jennings of the Roanoke City Police Department, in testimony at a suppression hearing held on March 19, 2009.

Officer Jennings, in full uniform and wearing his badge of office, was patrolling in a marked police car on a public road when he noticed that Fuller, who was driving a car in the same place, was not wearing his seat belt. The officer observed Fuller become aware that the police car was beside him; Fuller's face registered considerable surprise, and he promptly buckled his seat belt.

(Most drivers, in Officer Jennings' experience, knowing that, under Virginia law failure to wear a seat belt is not a primary offense, do not even buckle their seat belts when they know that they have been spotted by a police officer. *See* Va. Code § 46.2-1094.)

After seeing the police car, Fuller turned into a convenience store lot, and parked. The officer did the same, making sure that his cruiser did not block the defendant's car. Officer Jennings testified he knew at the time that he could not make an "investigatory stop" of Fuller or detain Fuller if Fuller wished to leave; he knew that he did not have a reasonable suspicion, based on objective facts, that Fuller was involved in criminal activity. *See Rudolph v. Commonwealth*, 277 Va. 209, 210 (2009). "Lawful conduct that the officer may subjectively view as unusual is insufficient to generate a reasonable suspicion that the individual is involved in criminal activity." *Harris v. Commonwealth*, 276 Va. 689, 697, 668 S.E.2d 141 (2008) (citations omitted).

The officer further testified, however, that it has been his experience that, when he asks questions in a positive manner — a manner that indicates he expects answers — he normally will receive answers. Thus, once Fuller was beginning to walk away from his parked car, the officer called out to him, "Hey, man, do you have a driver's license?" Fuller stopped, and answered, truthfully, that he did not. Officer Jennings asked if he was "suspended." Fuller admitted that he was an habitual offender. The officer's in-car computer confirmed Fuller's admission, and Officer Jennings physically arrested him.

The Commonwealth characterizes the officer's question to Fuller as incidental and noncoercive. *See, e.g., McCain v. Commonwealth*, 261 Va. 483, 491, 545 S.E.2d 541 (2001) (citing *United States v. Mendenhall*, 446 U.S. 544, 554 (1980) (officer may approach and question an individual without implicating Fourth Amendment as long as the individual remains free to disregard questions and walk away).

Under Virginia Code § 46.2-104 and governing case law, however, Fuller was not free to walk away and disregard what the officer said. The pertinent paragraph of § 46.2-104 provides that:

> The owner or operator of any motor vehicle, trailer, or semitrailer shall stop on the signal of any law-enforcement officer who is in uniform or shows his badge or other sign of authority and shall, on the officer's request, exhibit his registration card, driver's license, learner's permit, or temporary driver's permit and write his name in the presence of the officer, if so required, for the purpose of establishing his identity.

*Id.* Having seen and heard Officer Jennings on the stand, I am satisfied that a reasonable person situated as Fuller was, and knowing the requirements of § 46.2-104, would have interpreted the officer's calling out, "Hey, man, do you have a driver's license?" as a "signal" to stop and a "request" to produce any driver's license within the ambit of § 46.2-104.

And, under the law of this state, the court is required to presume that, when Fuller heard Officer Jennings call out to him, he did know what § 46.2-104 requires and knew that, under the law, he was not at liberty to keep moving or to ignore the officer's request to produce a driver's license. " '[E]veryone is conclusively presumed to know the law — that is, he is estopped from denying such knowledge.' *King v. Empire Collieries Co.*, 148 Va. 585, 590, 139 S.E. 478, 479 (1927)." *Magruder v. Commonwealth*, 275 Va. 283, 304, 657 S.E.2d 113 (2008). Thus, the court also must presume that Officer Jennings knew that the question he asked Fuller was one that, under § 46.2-104, a driver was required to answer.

*Brown v. Commonwealth*, 17 Va. App. 694, 440 S.E.2d 619 (1994), is factually apposite and legally binding upon this court. In *Brown*, the Court of Appeals of Virginia "h[e]ld that the exercise of police power pursuant to Code § 46.2-104, the act of requiring a person who has been operating a motor vehicle upon the public highways to produce an operator's license, is a restraint upon the individual's freedom of movement and constitutes a seizure of the person." *Id.* at 697.

While a reasonable person might have felt free to leave when a state trooper first approached his car, the *Brown* Court said, "when [the trooper] asked Brown for his operator's license, Brown was no longer free to leave. *See* Va. Code § 46.2-104 (requiring operator on officer's request to exhibit license); *Brown v. Texas*, 443 U.S. 47, 50, 61 L. Ed. 2d 357, 99 S. Ct. 2637 (1979) (detention for purpose of requiring identification under state statute held to be a seizure)."

The conclusive presumption that Officer Jennings knew and understood the law disposes of the Commonwealth's fallback argument that a "good faith" exception might render admissible in this case the otherwise inadmissible. That argument was suggested by *Herring v. United States*, 129 S. Ct. 695, 200 (2008), *reh'g. denied*, 74 USLW 3544 (2009). However, Chief Justice Roberts' opinion in *Herring* reminds us that evidence should be suppressed when it could be said that the law enforcement officer had knowledge, or might properly be charged with knowledge, that the search was unconstitutional under the Fourth Amendment. *Id.*, 129 S. Ct. at 701-02 (citations omitted). That, of course, is the situation in this case.

276

For the reasons set forth above, the court will prohibit the Commonwealth from using at trial all evidence that flowed from Officer Jennings's calling out, "Hey, man, do you have a driver's license?" Under Virginia Code § 19.2-298(2), the Commonwealth is entitled to seek a pretrial appeal of this ruling. The defendant and counsel are scheduled to be present for a hearing in this case on April 22, 2009, at 10:30 a.m. If feasible, would the Attorney for the Commonwealth please advise, at that hearing, whether the Commonwealth desires to avail itself of the right to note an appeal of this ruling.