COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Felton, Judges Frank and Huff
Argued by teleconference

UNPUBLISHED

SERGIO GUTIERREZ-LAZO

v.      Record No. 2280-13-4

MEMORANDUM OPINION[*] BY
JUDGE ROBERT P. FRANK
JUNE 3, 2014

COBURN & CLAY BUILDING DEVELOPMENT
 CORPORATION AND THE UNINSURED EMPLOYER'S FUND

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

> John B. Delaney (Michael G. Nye; Delaney, McCarthy & Colton,
> P.C.; Carter & Coleman, PLC, on briefs), for appellant.
>
> John C. Duncan, III (William S. Sands, Jr.; Duncan and Hopkins,
> P.C., on brief), for appellee Coburn & Clay Building Development
> Corporation.
>
> Joshua M. Wulf (Emily S. Kirkpatrick; Midkiff, Muncie & Ross,
> P.C., on brief), for appellee The Uninsured Employer's Fund.

Sergio Gutierrez-Lazo, claimant, appeals a decision of the Workers' Compensation

Commission denying him benefits.  On appeal, claimant contends a majority of the commission

erred in denying benefits:  (1) in finding claimant willfully violated a known safety rule,

specifically, using a table saw to cut a small piece of wood, when employer's Rule 1.10 notice

did not include such an alleged violation; (2) in finding employer presented credible evidence

that the claimant willfully violated a known safety rule when the claimant was injured by not

keeping his hands away from the saw blade while cutting a board; (3) in finding employer

showed claimant's failure to use a "push stick" caused claimant's injury; and (4) in finding

employer presented credible evidence that claimant willfully violated a known safety rule when

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

claimant was injured while operating a table saw without the saw's safety guard in place. Additionally, claimant contends a majority of the commission erred in denying benefits based upon safety guard and push stick violations when neither rule was strictly enforced by employer.

We hold credible evidence supports the findings that claimant intentionally violated a known safety rule. Thus, we affirm the commission's denial of benefits.

BACKGROUND

Claimant was working as a carpenter for Coburn & Clay Building Development Corporation (employer) on November 23, 2009. On that day, claimant was installing baseboards in the kitchen of a home that employer was constructing in McLean.

The claimant was born in El Salvador and testified through an interpreter before the deputy commissioner that he speaks, reads, and writes in Spanish. He can speak some English, but asserts he cannot read or write in English. He testified that on November 23, Greg Lough, his supervisor, instructed him to finish the baseboard project in the kitchen. He measured and cut four or five pieces of wood with a table saw before he was injured when his left hand came in contact with the saw blade. He explained that no safety hood covered the saw blade on the table saw. Claimant had never seen a guard on the saw at any time during his four years with employer. He demonstrated at the hearing how he moved the wood towards the saw with his right hand and then moved his left hand over the blade towards the end of the wood. When asked if he knew why he cut himself, the claimant responded, "To do it fast." Claimant stated he did not need to use a "push stick" that day because the wood was large enough to cut without using one. Claimant agreed that in an answer to an interrogatory he stated that he received his injury "as I moved my left hand over the saw blade with the intention of holding down part of the piece of wood when my left hand came in contact with the blade."

- 2 -

Claimant testified that the only safety instruction he received from employer was "just to be careful[,]" even when given a new tool to use. Claimant acknowledged that, as an example, employer told him that if he put his hands too close to the blade he could get seriously hurt. He was given no safety manuals, and no one from employer's business spoke Spanish. He communicated through a combination of English and "gestures."

Claimant stated that on the day he was injured, Lough had used the table saw earlier in the day.

On one occasion, claimant's supervisor Lough observed claimant use a miter saw incorrectly in that he had the guard in a "chalked up" and unsafe position. He brought this to claimant's attention, and claimant complied with Lough's request to unchalk the guard. Lough communicated with claimant in English and felt that claimant did not have any difficulty understanding him. Lough explained that with a table saw, there are certain situations where the guard needs to be removed, depending upon the type of cut being made to the wood. However, after making an atypical cut, the user is expected to replace the guard. Lough stated that claimant had been instructed on this procedure.

Lough stated that after the accident he examined the table saw where claimant was injured. Based on the size of the wood he saw lying next to the table, Lough opined that the wood should have been clamped down and cut with a jigsaw. Claimant should have known this because claimant had on a previous occasion tried to cut a similarly sized piece of wood with a table saw and Lough informed him that he needed to use a jigsaw. That incident occurred on September 8, 2009, and claimant did not follow Lough's instructions. Lough told claimant that if he was not going to follow safety procedures, he must go home. Claimant left and did not return to work for three days.

Lough explained that using a jigsaw would have taken more time because claimant would have had to get the saw from Lough's truck. Lough stated that his tools were never off limits from claimant. After inspecting the scene where claimant was injured, Lough indicated that what he observed on the date of the accident "resembled almost the same scenario that happened on September 8."

Lough testified that he explained all safety procedures to claimant:

> I would ask [claimant] if he had experience with the tool. If he informed me yes . . . I would take him at honesty for his word. If I saw an improper practice with the tool that he said he had experience with I would try to correct it and show him a proper way or a better way or, "That's the wrong application. We don't use that tool." Um, I'd bring out some of my personal tools which they did not have experience with in some cases and - - - or he did not have experience with in some cases. I'd give a demonstration, tell him the procedures, and then let him get some what we call field experience starting out on a scrap piece of wood, use the tool.

Lough also testified that claimant had been instructed that if he was making a normal cut and the guard is off from the table saw, he must replace the guard before using the saw. Lough stated that claimant always acknowledged that he understood the safety rules and that he responded in English.

Lough denied that there were never any guards on the table saws. He also pointed out that he never used the table saw on the day claimant was injured.

Clay Cormicle, an officer with employer's corporation, testified that safety practice was an "ongoing process." He stated that safety guards needed to be on the saws at all times, unless it prevented making a certain cut. He indicated that the employers talk to the employees on an ongoing basis about safety procedures. Specifically, Cormicle stated that when the company initially purchased the table saw, it was shown to all employees and they were instructed on how to use it safely. He testified that everyone who worked for him was told, "Never . . . put your

hands anywhere near a table saw blade or a skill saw blade . . . . " Employees were instructed on when to use a push stick.

Matthew Cormicle, another corporate officer, stated that one of his roles at the company involved supervising the jobsites. He recalled that "in regards to the table saw, . . . I would go over it whether [the employees] knew it or not and make certain that they would demonstrate to me that they knew how to operate that machinery safe - - - safely, properly, without damage to themselves or our equipment." In reference to claimant, "I gave him training as soon as he was hired on how to use the table saw . . . [a]nd how to use a push stick." Cormicle concluded that, based upon his knowledge of the accident, claimant's actions on the day of the injury were inconsistent with the training he received with regard to safety and the table saw. "The training I gave to [claimant] was that you stand at the controls of the table. . . . You use a push stick. You don't reach over a blade . . . you're not to reach around the blade."

The deputy commissioner reasoned that claimant received his injury by "pushing the board with his right hand without a push stick and moving his left hand over and down behind an obviously turning saw blade." The deputy commissioner concluded that such behavior barred his claim by violation of a safety rule. In affirming the deputy, the full commission found the evidence supported the conclusion that claimant "flagrantly" violated a known safety rule.

This appeal follows.

ANALYSIS

VIOLATION OF A KNOWN SAFETY RULE – FAILURE TO KEEP HANDS AWAY FROM SAW BLADE

Code § 65.2-306 provides in relevant part that "[n]o compensation shall be awarded to the employee or his dependents for an injury or death caused by . . . [t]he employee's willful breach of any reasonable rule or regulation adopted by the employer and brought, prior to the accident, to the knowledge of the employee." Code § 65.2-306(A)(5). The statute also provides

that "[t]he person or entity asserting any of the defenses in this section shall have the burden of proof with respect thereto."  Code § 65.2-306(B).  Thus, to successfully raise a defense of willful misconduct under Code § 65.2-306(A)(5), the employer must establish "(1) that the safety rule was reasonable, (2) that the rule was known to [the employee], (3) that the rule was for [the employee's] benefit, and (4) that [the employee] intentionally undertook the forbidden act."  Spruill v. C.W. Wright Constr. Co., 8 Va. App. 330, 334, 381 S.E.2d 359, 360-61 (1989).

Whether an employee "knowingly violated [a safety rule] is a mixed question of law and fact" reviewable on appeal.  Owens Brockway v. Easter, 20 Va. App. 268, 271-72, 456 S.E.2d 159, 161 (1995).  "[F]actual findings of the commission are binding on appeal" if supported by credible evidence.  Spruill, 8 Va. App. at 332, 381 S.E.2d at 360.  In determining on appeal whether credible evidence supports the commission's findings, this Court reviews the evidence in the light most favorable to the prevailing party, the employer here, and does not retry the facts or reweigh the preponderance of the evidence.  Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

Here, the employer had the burden of proving that claimant willfully violated a known safety rule.  The evidence, viewed in the light most favorable to employer, supports the commission's finding that claimant intentionally did violate a known safety rule by placing his left hand over a moving saw blade rotating between five thousand to fifty-eight hundred RPMs.

In its written opinion, a majority of the full commission concluded:

> The [d]eputy [c]ommissioner considered and weighed the conflicting evidence . . . and found that the claimant's injury was occasioned by the claimant's deliberate movement of his left hand over and down behind the turning saw blade, an action for which he had been reprimanded in the past.  We find that the record adequately supports the [d]eputy [c]ommissioner's finding that the claimant's injury was caused by his willful misconduct in violating a known safety rule when he "intentionally drew his left hand over the moving blade to steady the emerging wood, an activity proscribed by the employer as 'never acceptable,' especially not on

such a size board, which method of using the table saw flagrantly violated a taught safety precaution and brought about the left hand injuries."[1]

The facts clearly prove that the requirement that a carpenter keep his hands away from the saw blade is a known safety rule. Both Clay and Matthew Cormicle testified that they instructed claimant on the proper use of the table saw, each specifically pointing out that a person using the table saw must never place his hands over or near the blade. Claimant admitted that he was instructed to keep his hands away from the blade because of the serious injury that could result from contact with the blade. Although the facts were in dispute as to whether the claimant understood the rules as taught to him in English, the commission believed the testimony of the Cormicles and Greg Lough that claimant comprehended the instructions that were communicated to claimant in English. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995).

The record also establishes that claimant willfully violated this known safety rule. "Proof of negligence, even gross negligence, alone will not support the defense, for willful misconduct 'imports something more than a mere exercise of the will in doing the act. It imports a wrongful intention.'" Buzzo v. Woolridge Trucking, Inc., 17 Va. App. 327, 332, 437 S.E.2d 205, 208 (1993) (quoting King v. Empire Collieries Co., 148 Va. 585, 590, 139 S.E. 478, 479 (1927)). "'Negligence conveys the idea of heedlessness, inattention, inadvertence; willfulness and wantonness convey the idea of purpose or design, actual or constructive.'" Infant C. v. Boy

---

[1] We acknowledge that the commission's statement that claimant had been reprimanded in the past for placing his hand over the saw blade is incorrect. However, this error by the commission does not undermine its finding that the employer met its burden of proving that claimant violated a known safety rule on this occasion.

Scouts of America, Inc., 239 Va. 572, 582, 391 S.E.2d 322, 327-28 (1990) (quoting Thomas v. Snow, 162 Va. 654, 660, 174 S.E. 837, 839 (1934)). Willful describes "[a]n intention to do an act that he knows, or ought to know, is wrongful, or forbidden by law. It involves the idea of premeditation and determination to do the act, though known to be forbidden." Easter, 20 Va. App. at 271, 456 S.E.2d at 161.

The question of whether an employee is guilty of willful misconduct is a factual issue. Id. at 272, 456 S.E.2d at 161. We are bound by the commission's findings of fact as long as there was credible evidence presented such that a reasonable mind could conclude that the fact in issue was proved. Westmoreland Coal Co. v. Campbell, 7 Va. App. 217, 222, 372 S.E.2d 411, 415 (1988). The commission found that claimant intentionally violated a safety rule, and we find sufficient evidence before the commission to support this finding.

The placement of claimant's hand is not in dispute. Claimant acknowledged that he intentionally placed his hand over the spinning blade to hold down a piece of wood. He demonstrated to the commission how he positioned his left hand over the blade while reaching for the wood. He testified that he had cut four or five pieces of wood before receiving the injury to his hand, indicating that this was not an isolated, inadvertent incident.

Matthew Cormicle concluded that claimant's actions on the day of the injury were inconsistent with his training regarding the table saw. Thus, the commission had ample evidence before it that supports the conclusion that claimant intentionally, not inadvertently, placed his left hand too close to the saw blade.

We find no error in the full commission invoking Code § 65.2-306 and denying claimant benefits because credible evidence proved that claimant's injury was caused by his willful misconduct in violating a known safety rule.[2]

---

[2] No one argues that the safety rule was unreasonable or that the rule was not for the employee's benefit.

EMPLOYER NOTICE PURSUANT TO COMMISSION RULE 1.10

Appellant argues the commission erred in relying on claimant's use of a table saw rather than a jigsaw to cut a small piece of wood to bar his compensation benefits because employer's Rule 1.10 notice did not include such an alleged violation.

Rule 1.10 of the commission provides:

> If the employer intends to rely upon a defense under § 65.2-306 of the Act, it shall give to the employee and file with the Commission no less than 15 days prior to the hearing, a notice of its intent to make such defense together with a statement of the particular act relied upon as showing willful misconduct.

We agree that employer's notice of willful misconduct did not include a charge of improper use of the table saw by cutting a piece of wood too small for that particular saw. However, the commission found that hand placement, not use of the wrong type of saw, established the willful misconduct barring appellant benefits. Employer's notice did include this particular allegation of violation. In particular, employer's notice states that in addition to safety guard and push stick violations, claimant "did not keep his hands away from the saw blade while cutting the board." We therefore find no merit to this assignment of error.

REMAINING ASSIGNMENTS OF ERROR

Because we affirm the commission's finding that claimant willfully violated a known safety rule by placing his hand deliberately over the turning saw blade, we do not address claimant's additional arguments that claimant failed to use a push stick or that claimant failed to properly use a safety guard while at the table saw. See Luginbyhl v. Commonwealth, 48 Va. App. 58, 64, 628 S.E.2d 74, 77 (2006) (*en banc*) ("[A]n appellate court decides cases 'on the best and narrowest ground available.'" (quoting Air Courier Conference v. Am. Postal Workers Union, 498 U.S. 517, 531 (1991) (Stevens, J., concurring))).

For the same reason, we need not consider the merits of claimant's fifth assignment of error which states that the commission erred in denying benefits because neither the push stick rule nor the safety guard rule was strictly enforced.[3]

CONCLUSION

For the foregoing reasons, we find the commission did not err in denying claimant benefits on the basis that claimant violated a known safety rule by placing his hand too close to the moving saw blade. Accordingly, the commission is affirmed.

<u>Affirmed.</u>

---

[3] We also note that on brief, claimant appears to have abandoned this assignment of error as it relates to the push stick claim.